**Lyonel JANVIER, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 82–CR–114.

United States District Court,
N.D. New York.

May 6, 1987.

Jerome N. Frank, Legal Services Organization, New Haven, Conn. (Sally Zanger, of counsel), for plaintiff-appellant.

Frederick J. Scullin, Jr., U.S. Atty., Albany, N.Y. (George A. Yanthis, Ass't U.S. Atty., of counsel), for defendant-appellee.

CHOLAKIS, District Judge.

### MEMORANDUM–DECISION AND ORDER

Petitioner Lyonel Janvier, a Haitian citizen, is a permanent resident alien who entered the United States lawfully in February 1981. He was arrested at the Canadian border in October 1982, and charged with possession of $20,340.00 in counterfeit United States currency and with smuggling that currency into the United States in violation of 18 U.S.C. §§ 472 and 545 (1982). After a jury trial, he was convicted as charged and sentenced on January 21, 1983, to a total of four years imprisonment. He served the required portion of his prison term and was released on parole in 1984.

Upon his parole, pursuant to 8 U.S.C. § 1251(a)(4) (1982), Janvier was released into the custody of the Immigration and Naturalization Service ("INS") for deportation. This statute provides for the deportation, upon the Attorney General's order, of any alien who "is convicted of a crime involving moral turpitude committed within five years after entry" into the United States and is sentenced to or serves a prison term of one year or longer.

Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255 (1982) on the ground that he was deprived of effective assistance of counsel at sentencing. He sought a hearing pursuant to 8 U.S.C. § 1251(b) (1982 & Supp.1986) determine whether a recommendation against his deportation should issue, a hearing which he alleges he was denied by the ineffective assistance of his court-appointed counsel. Then District Court Judge Miner denied the motion to vacate, holding that the deportation consequences of conviction and sentencing were civil in nature and as such were not a critical stage of a criminal proceeding to which the Sixth Amendment right to effective assistance of counsel attached.

On appeal, the Second Circuit reversed, holding that the recommendation against deportation allowed by 8 U.S.C. § 1251(b) (1982 & Supp.1986) is part of the sentencing process, and a critical stage of the prosecution to which Sixth Amendment safeguards apply, and remanded the matter to this court for a determination as to whether, under applicable standards, plaintiff-appellant was deprived of the effective assistance of counsel. If so, the 1983 sentence and judgment will be vacated so proceedings pursuant to 8 U.S.C. § 1251(b) may be conducted to determine whether or not a recommendation against deportation should issue for this convicted felon.

■ Petitioner invites the court to adopt a rule that failure of his attorney to request a § 1251(b) hearing is *per se* ineffective assistance of counsel. The court declines to do so. Recognizing that there is authority for such a position,[1] this court, nevertheless, finds that there may be reasons in an individual case for not requesting the § 1251(b) hearing.

While 8 U.S.C. § 1251(a)(4) makes deportation for such convicted aliens automatic upon order of the Attorney General, § 1251(b) creates two exceptions: either a full and unconditional executive pardon, or a recommendation by the sentencing judge, issued at the "first" sentencing or within 30 days thereafter, upon due notice to the appropriate authorities, will vitiate automatic deportation. Properly issued, a judicial recommendation against deportation is binding on INS. *Haller v. Esperdy,* 397 F2d 211, 213 (2d Cir.1968). In this instance court-appointed counsel did not petition the court to issue a recommendation against deportation either at petitioner's sentencing or within the 30–day period immediately following.

While this court stops short of judicially legislating a duty to be imposed upon counsel in every case, on remand it must review the reasons Janvier's counsel did not seek such a recommendation against deportation. An attorney who is knowledgeable about the deportation consequences of the conviction and sentencing may conceivably have strategic reasons for not so requesting. Significantly, the statute provides that the sentencing court make such a recommendation, presumably whether or not defense counsel so requests. The executive pardon provides another avenue for a convicted alien to seek to avoid deportation. Petitioner's counsel, however, has not demonstrated any permissible reason in failing to request a recommendation for his client.

The Court of Appeals invites the court, in making its findings, to consider standards for the effectiveness of counsel enunciated by the Supreme Court in *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) and *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because counsel's overall representation at trial is not under review, and because petitioner does not rely solely on a judicial presumption or inference of ineffectiveness, but can and does point to specific errors made by his counsel, the rationale of *Cronic* does not prove helpful in this particular case. Nevertheless, the specific errors petitioner cites may be evaluated under the two-part *Strickland* test for ineffective assistance of counsel.

■ Under *Strickland,* petitioner must show his representation was inadequate

---

1. Petitioner cites a case from the Supreme Court of Oregon where counsel's failure to request a § 1251(b) hearing was equated with an attorney's failure to perfect an appeal, and so rendered counsel's assistance constitutionally inadequate. *Lyons v. Pearce,* 298 Or. 554, 694 P.2d 969, 978 (1985). But as District Judge Bartels points out in his concurring opinion in the instant case, circumstances may justify an attorney, who is aware of the deportation consequences of conviction and sentencing, in not requesting such a hearing and recommendation. *Janvier v. United States,* 793 F.2d 449, 455 (2d Cir.1986). Because counsel cannot be excused from perfecting a desired appeal, but may be excused in not seeking a recommendation hearing if an informed strategy so dictates, the court must reject the reasoning of the Oregon Supreme Court. A closer analogy to counsel's failure to seek a recommendation against deportation would be the failure to file a suppression motion discussed by the United States Supreme Court in *Kimmelman v. Morrison,* —— U.S. ——, ——, 106 S.Ct. 2574, 2588, 91 L.Ed. 305, 325 (1986), where such failure did not constitute a *per se* Sixth Amendment violation.

when viewed against prevailing professional norms, and that he was prejudiced thereby. In demonstrating his attorney's inadequacy, petitioner has the burden of showing that his counsel's failure to seek a recommendation against deportation from the sentencing court was not a strategic choice made after a thorough investigation of the law and facts, and he must overcome a heavy measure of deference to counsel's professional judgment. *Strickland v. Washington*, 466 U.S. at 689–91, 104 S.Ct. at 2065–66. Petitioner has met his burden in the current action. The court-appointed attorney's failure to seek a recommendation in this instance was not a strategic choice, nor is there any showing the attorney sought the alternative remedy of an executive pardon. By his own admission, the attorney did not know of the deportation consequences of petitioner's convictions and sentence. He made no effort to determine if such consequences existed, and may even have given his client a professional opinion directly contrary to law. (Affidavit of petitioner's former counsel, Exhibit J in Petitioner's Memorandum of Law in support of a motion to vacate sentence.) Such a failure to investigate the applicable law of a case cannot be considered adequate under prevailing norms of professional competency.

This ineffective representation at the sentencing stage of a criminal trial directly prejudiced petitioner, since no hearing was requested and no recommendation sought none was obtained. The automatic deportation consequences followed without any opportunity for petitioner to be heard. Thus, both parts of the *Strickland* test for ineffective assistance of counsel have been satisfied. Petitioner has demonstrated that counsel's assistance was ineffective at his sentencing, and that this ineffectiveness directly prejudiced him.

Recognizing that a recommendation against deportation must be made by the sentencing court "at the time of first imposing judgment or passing sentence, or within thirty days thereafter," 8 U.S.C. § 1251(b), and that the recommendation cannot be made nunc pro tunc, *see United States v. Esperdy*, 267 F.2d 72, 75 (2d Cir.1959), nevertheless the Court of Appeals has expressly authorized this court to vacate the 1983 sentence and conduct proceedings under § 1251(b). *Janvier v. United States*, 793 F.2d 449, 456 (2d Cir.1986).

THEREFORE, Janvier's 1983 sentence and judgment are hereby vacated. The Clerk of the Court is directed to notify INS and the United States Attorney's Office that they are to contact the court within thirty days of the issuance of this order if they wish to be heard in this matter. A hearing shall be held pursuant to 8 U.S.C. § 1251(b) on June 26, 1987, at 9:00 A.M., to consider whether a recommendation against deportation shall issue.

IT IS SO ORDERED.