**Matityahu ITTAH**

v.

**UNITED STATES of America.**

**Civ. No. 89–0121–P.**

United States District Court, D. Maine.

Oct. 26, 1989.

Peter J. Landis, Anthony, Howison & Landis, Portland, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## ORDER GRANTING PETITION FOR WRIT OF ERROR CORAM NOBIS

GENE CARTER, Chief Judge.

In this action Petitioner seeks a Writ of Error Coram Nobis to vacate the judgment and sentence in this case. In 1987 Petitioner, an Israeli citizen, was charged with violating three immigration laws, 18 U.S.C. §§ 371, 1001, and 1546. Represented by counsel, Petitioner pled guilty to the charges on October 22, 1987, and was subsequently sentenced to a term of imprisonment of one year on each of the three counts. Under 8 U.S.C. § 1251(a)(4), any alien who "is convicted of a crime involving moral turpitude committed within five years after entry" into the United States may be deported upon order of the Attorney General. Invoking this subsection, the Immigration and Naturalization Service commenced deportation proceedings against Petitioner shortly before the end of his period of incarceration on the underlying offenses. At a deportation hearing in May, 1989, Petitioner was found to be deportable based upon his convictions. He

has filed for discretionary relief in the form of asylum and withholding of deportation.

 Section 1251(b) provides that "[t]he provisions of subsection (a)(4) respecting the deportation of an alien convicted of a crime or crimes shall not apply ... if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported." Neither at the sentencing proceeding, nor within thirty days thereafter, did Petitioner's counsel request the Court to issue a judicial recommendation against deportation. Affidavit of Richard Emerson, Jr., ¶ 8. Although Petitioner's counsel knew that Petitioner is an alien, he "was not aware that by [Petitioner's] pleading guilty to these criminal charges he could be subject to deportation based on these convictions alone." *Id.* ¶ 7. Counsel did not know of the availability of a judicial recommendation against deportation, did not research the issue, and did not advise his client that such relief was available. *Id.* ¶¶ 7, 8. Counsel further states in his affidavit that he would have requested a judicial recommendation against deportation or advised his client of it, had he known about the proceeding. *Id.* ¶ 9. Petitioner argues that his counsel's failure to request the judicial recommendation or to advise Petitioner of its availability constitutes ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. The Court agrees.

 Criminal defendants have a Sixth Amendment right to effective assistance of counsel at sentencing. *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d

336 (1967). The granting of section 1251(b) relief, a judicial recommendation against deportation, is part of the sentencing process. *Janvier v. United States,* 793 F.2d 449 (2d Cir.1986). The failure to seek section 1251(b) relief, however, does not *per se* constitute ineffective assistance of counsel. *Janvier v. United States,* 659 F.Supp. 827, 828 (N.D.N.Y.1987).

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that a petitioner seeking to show ineffective assistance of counsel must show that his counsel's representation was inadequate when viewed against prevailing professional norms and that he was prejudiced by the inadequacy. In *Janvier* the Court stated:

> In demonstrating his attorney's inadequacy, petitioner has the burden of showing that his counsel's failure to seek a recommendation against deportation from the sentencing court was not a strategic choice made after a thorough investigation of the law and facts, and he must overcome a heavy measure of deference to counsel's professional judgment.

*Janvier,* 659 F.Supp. at 829. In this case, as in *Janvier,* Petitioner has met his burden. Counsel's affidavit shows that he did not know of the deportation consequences of Petitioner's conviction and that he did not effectively research the law dealing with situations like that of Petitioner. The failure to request a judicial recommendation against deportation or to advise his client of the possibility of such relief was not a strategic choice in this case; it was inadequate representation. *See Janvier,* 659 F.Supp. at 829.[1]

---

1. In the recent case of *Santos v. Kolb,* 880 F.2d 941, 943 (7th Cir.1989), the court noted the petitioner's argument that failure to pursue or advise the seeking of a judicial recommendation against deportation was unreasonable under the *Strickland* standard for effective assistance of counsel. Petitioner there further contended that he would not have pleaded guilty or cooperated with authorities without a recommendation against deportation if he had known his admissions could result in his expulsion from this country. The court focused on this aspect of the petitioner's argument and held that "the

failure of petitioner's counsel to inform him of the immigration consequences of his guilty plea ... simply does not deprive petitioner of the effective assistance of counsel." *Id.* at 945. The court did not again mention the failure to pursue a judicial recommendation against deportation. This Court finds the Second Circuit Court of Appeals' specific discussion of the judicial recommendation in *Janvier* more persuasive and thus has chosen to follow it.

The Court is also aware of the decision in *Lyons v. Pearce,* 298 Or. 554, 694 P.2d 969, 978

The *Janvier* court found that the failure of counsel to seek a recommendation against deportation directly prejudiced petitioner because "[t]he automatic deportation consequences followed without any opportunity for petitioner to be heard." *Id.* The Government here argues that Petitioner here has not suffered automatic deportation and is therefore not prejudiced, because he had the opportunity to request other discretionary relief from the finding of deportability in the forms of asylum and withholding of deportation. The Court does not agree. If the sentencing judge recommends against deportation, that recommendation is binding on those in charge of the deportation process, and they may not use the conviction as a basis for deportation. *See, e.g., Haller v. Esperdy*, 397 F.2d 211, 213 (2d Cir.1968). Petitioner's inability to be heard on whether the conviction should be so used by a judge who has such binding power is plainly prejudicial when the conviction alone can be used as the basis for deportation. The fact that other, distinct forms of relief from deportation on the basis of the conviction might be sought does not in any sense mitigate the prejudice to Petitioner occasioned by denial of the opportunity to be heard to seek the binding relief of a judicial recommendation.

The Government has submitted the affidavit of an immigration official stating that "upon information and belief" even if Petitioner is granted a judicial recommendation against deportation, he will be charged by the INS with another ground of deportability. Affidavit of Joseph Donovick, ¶ 7. The Government therefore argues that Petitioner has not been prejudiced by being denied an opportunity to seek a judicial recommendation against deportation for the crimes to which he pled guilty. The Court cannot agree. In *Strickland* the Supreme Court stated that prejudice, in the sense required for a showing of ineffective assistance of counsel, requires a showing that counsel's errors were so serious as to deprive the defendant of a fair proceeding, the result

of which is reliable. *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063–64. Clearly, here, Petitioner's sentencing proceeding was not fair for he did not have an opportunity to be heard on the issue of whether his conviction should be permitted to serve as a basis for deportation. The sentencing proceeding may well have had a different result if the request for a judicial recommendation against deportation were made, for the request may have been granted. The fact that immigration officials may in the future attempt to deport Petitioner on other grounds than those for which he currently stands deportable does not affect the determination of whether he was prejudiced in a past proceeding in this Court. Moreover, it is not the function of this Court to speculate on possible future actions of the INS which will require a myriad of legal and factual determinations.

Accordingly, it is hereby ORDERED that Petitioner's Motion for a Writ of Error Coram Nobis is hereby GRANTED, and his sentence, entered on January 29, 1988, is hereby VACATED. It is FURTHER ORDERED that Petitioner return to the Court within sixty days of the date of this order for resentencing on the offenses to which he pled guilty.

SO ORDERED.

(1985), holding unconditionally that failure to request a judicial recommendation against deportation renders counsel's assistance constitutionally inadequate. Again this Court finds preferable the approach of the District Court in *Janvier*, which includes an examination of the circumstances under which the recommendation was not sought.