[No. F011040. Fifth Dist. Nov. 29, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
PEDRO BAROCIO, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Jane N. Kirkland and Edmund D. McMurray, Deputy Attorneys General, for Plaintiff and Appellant.

Rusca & Bumanglag and George Bumanglag for Defendant and Respondent.

OPINION

**FRANSON, P. J.**—The issues presented by this appeal are whether counsel's failure to advise respondent of his right to request a recommendation against deportation (RAD) from the sentencing court pursuant to 8 United States Code section 1251(b)(2), where defendant was subject to deportation as a result of his conviction, rendered counsel's assistance constitutionally ineffective. And, if counsel was ineffective, what is the appropriate remedy?

We conclude counsel was ineffective, and the appropriate remedy is to vacate respondent's sentence and remand the matter for resentencing. On remand respondent should decide whether to request a RAD.

### PROCEDURAL HISTORY

Pedro Barocio (respondent) was charged in eight counts with sexual activity with his thirteen-year-old half-sister. He pleaded guilty to one count of lewd and lascivious conduct with a child (Pen. Code, § 288, subd. (a)) and one count of incest (Pen. Code, § 285).[1] Before he pleaded, he was advised pursuant to section 1016.5 that his plea could result in deportation or exclusion from the United States.[2] Respondent was sentenced to prison. When he was paroled, the Immigration and Naturalization Service (INS)

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Section 1016.5, subdivision (a) requires the court, prior to accepting a guilty plea, to advise the defendant: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion of admission to the United States, or denial of naturalization pursuant to the laws of the United States."

initiated deportation proceedings pursuant to 8 United States Code section 1251(a)(4).[3] Respondent petitioned for a writ of habeas corpus contending his trial counsel was ineffective because counsel was unaware of the RAD procedure (8 U.S.C. § 1251(b)(2)),[4] and failed to advise Barocio of its availability or seek a RAD from the sentencing judge. The trial court, relying on *People* v. *Soriano* (1987) 194 Cal.App.3d 1470 [240 Cal.Rptr. 328, 65 A.L.R.4th 705], granted the petition and set aside respondent's plea. The People appeal that order.

## DISCUSSION

I.  *Did counsel render ineffective assistance by not advising respondent adequately of his rights pursuant to section 1016.5 and 8 United States Code section 1251?*

*Ineffective Assistance Standard of Proof*

Both the federal and state Constitutions give a criminal defendant the right to assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.) ■ The right to counsel entitles a defendant to effective counsel. (*Strickland* v. *Washington* (1984) 466 U.S. 668, 686 [80 L.Ed.2d 674, 692-693, 104 S.Ct. 2052].) Specifically, it entitles him to " 'the reasonably competent assistance of an attorney acting as his diligent conscientious advocate.' [Citations.]" (*People* v. *Ledesma* (1987) 43 Cal.3d 171, 215 [233 Cal.Rptr. 404, 729 P.2d 839].)

"Under this standard a defendant may 'reasonably expect that before counsel undertakes to act at all he will make a rational and informed decision on strategy and tactics founded on adequate investigation and preparation.' [Citation.]" (*People* v. *Soriano, supra,* 194 Cal.App.3d at p. 1479.)

---

[3] 8 United States Code section 1251(a)(4) provides, upon the order of the Attorney General, the alien shall be deported who: "(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial; . . ."

[4] 8 United States Code section 1251(b)(2) provides that section 1251(a)(4) is inapplicable if "the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within 30 days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. . . ."

*Was Counsel's Performance Deficient?*

■ To prevail on his claim of ineffective assistance of counsel, respondent must demonstrate (1) counsel's performance was deficient, and (2) he was prejudiced by the deficiency. (*Strickland* v. *Washington, supra,* 466 U.S. at p. 687 [80 L.Ed.2d at p. 693]; *People* v. *Fosselman (*1983) 33 Cal.3d 572, 583-584 [189 Cal.Rptr. 855, 659 P.2d 1144].)

Respondent claimed he received ineffective assistance of counsel because counsel failed to advise and represent him properly in regards to his rights under section 1016.5 and 8 United States Code section 1251. Specifically, counsel failed to advise him of his deportation remedy under 8 United States Code section 1251(b)(2) and failed to request a RAD on his behalf. Respondent argued to the trial court he was entitled to advisement on the federal statute to meet the purposes of section 1016.5.

The trial court concluded respondent was not advised adequately by counsel of his rights under section 1016.5 and 8 United States Code section 1251. The Attorney General contends there is no evidence to support the finding respondent was not adequately advised of his rights under section 1016.5, and California case law does not require defense counsel to advise clients of the availability of a RAD under federal law.

### A. *Pursuant to Section 1016.5*

Under section 1016.5, subdivision (a), before accepting a plea of guilty, the court must advise a defendant that his conviction may result in his deportation or have other immigration consequences. The purpose of the advisement is set out in subdivision (d) of the section: "The Legislature finds and declares that in many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime under state law, a plea of guilty . . . is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Therefore, it is the intent of the Legislature in enacting this section *to promote fairness to such accused* individuals by requiring in such cases that acceptance of a guilty plea . . . be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea. It is also the intent of the Legislature that the court in such cases shall grant the defendant a reasonable amount of time to negotiate with the prosecuting agency in the event the defendant or the defendant's counsel was unaware of the possibility of deportation . . . ."

■ The critical issue under section 1016.5 is whether a defendant has been advised that his guilty plea may have immigration consequences. The exact language of the warning is not crucial. (*People* v. *Soriano, supra,* 194 Cal.App.3d 1470, 1475.) Respondent does not claim he was not advised or was misadvised regarding the immigration consequences of his plea. The record shows the court adequately advised respondent under section 1016.5, respondent requested and received a week to think about the plea and its consequences, and defense counsel discussed the offer twice with respondent before he entered his plea. Accordingly, there is no evidence to support the court's finding respondent was not adequately advised of his rights under section 1016.5.

Respondent submits he should have been advised of the availability of a RAD hearing under the auspices of section 1016.5. Respondent's argument is not supported by the language of section 1016.5 or its expressed purpose. It does not follow that because a defendant must be advised his guilty plea may result in deportation, he also must be advised of remedies available to avoid deportation. Consequently, section 1016.5 does not impose a duty on defense counsel to advise a defendant of the availability of RAD procedures.

B. *Pursuant to People v. Soriano*

■ Respondent also contends he was entitled to a RAD advisement and hearing under *People* v. *Soriano, supra,* 194 Cal.App.3d 1470. *Soriano* held a defendant received ineffective assistance of counsel where counsel provided only a pro forma warning that defendant's guilty plea could have immigration consequences without researching the specific consequences of his plea, i.e., absent a recommendation from the sentencing court against deportation, defendant's guilty plea made him deportable.

Soriano pleaded guilty in exchange for a recommendation from the district attorney that he receive a sentence of four years suspended, be placed on three years probation and serve one year in county jail. When Soriano completed his jail term, the INS initiated deportation proceedings against him under the Immigration and Nationality Act (8 U.S.C. § 1251(a)(4)). As a result of his conviction, Soriano was deportable as an alien who " 'is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more . . . .' " (194 Cal.App.3d at pp. 1473-1474.)

Soriano filed a petition for habeas corpus and asked to withdraw his guilty plea. He contended his counsel rendered ineffective assistance

because she neglected to inform him adequately of the immigration consequences of his guilty plea. Soriano's declaration in support of his petition stated his attorney had assured him he would not be deported. Based on these assurances, he entered his guilty plea. Had he known he was exposing himself to deportation by pleading guilty, he would not have entered a plea. He would first have sought a disposition which would not render him deportable. (194 Cal.App.3d at p. 1478.) Further, counsel's failure to research federal immigration law resulted in her failing to either negotiate a plea which would not have subjected him to deportation or to request a RAD from the sentencing judge which would have prevented his deportation for the offense. (*Ibid.*)

To bolster his ineffectiveness claim, Soriano argued that under federal law and case authority he would not have been subject to deportation if his sentence was modified in two minor respects. The court sentenced Soriano and suspended the sentence which rendered him "confined" within the meaning of United States Code section 1251(a)(4). The court also sentenced him to a year in jail. Had the court instead suspended imposition of the sentence and sentenced Soriano to one day less than a year, Soriano would not be deportable under the statute. (8 U.S.C. § 1251(a)(4); *Mariam* v. *United States* (D.C.App. 1978) 385 A.2d 776, 779; *Velez-Lozano* v. *Immigration and Naturalization Serv.* (D.C. Cir. 1972) 463 F.2d 1305, 1307 [401 N.W.2d 856].) (*People* v. *Soriano, supra,* 194 Cal.App.3d at pp. 1479-1480.)

At the hearing on the petition for habeas corpus, Soriano's defense counsel testified she had warned Soriano that deportation "could" result from his guilty plea. But, she was unaware that imposition of sentence suspended and imposition of a sentence of one day less than a year would remove Soriano from the class of deportable convicts. She added had she known the deportation impact of the various sentences, she would have "tried to negotiate the case differently." (194 Cal.App.3d at pp. 1479, 1480.)

The court concluded the "formulaic" warning from counsel that Soriano's plea might have immigration consequences was inadequate. The court reasoned that a defendant's response to the court's section 1016.5 advisements should reflect "informed decisions he has reached after meaningful consultation with his attorney." (194 Cal.App.3d at p. 1481.) The court added had counsel researched the issue she would have known that Soriano's guilty plea, absent a recommendation from the sentencing court against deportation, made him deportable. In effect the court concluded, counsel could not merely advise defendant in the language of section 1016.5 that deportation *could* result when research of the applicable law would have indicated that deportation *would* result unless the sentencing court recommended otherwise. (*Soriano, supra,* 194 Cal.App.3d at p. 1482.)

The court's finding of ineffectiveness was supported by The American Bar Association's Standards for Criminal Justice, standard 14-3.2, which requires defense counsel to aid the defendant in reaching a decision regarding a plea agreement by advising a defendant, after appropriate investigation, of the alternatives available and of considerations deemed important by defense counsel or the defendant in reaching a decision. (3 ABA Standards for Criminal Justice, std. 14-3.2 (2d ed. 1980) p. 73.) The commentary to the standard adds counsel should "fully advise" the defendant of the possibility of deportation where the defendant inquires about it. (*Soriano, supra,* 194 Cal.App.3d at p. 1481.)

Because Soriano was not adequately advised of the immigration consequences of his plea, he was prejudiced by the institution of deportation proceedings. Accordingly, Soriano was deprived of effective assistance of counsel in entering his guilty plea and was allowed to withdraw his plea. (*Soriano, supra,* 194 Cal.App.3d at p. 1482.)

Construed broadly, *Soriano* requires defense counsel to: (1) research the specific immigration consequences of the alien defendant's guilty plea, (2) attempt to negotiate a plea which takes the defendant out of the deportable class of convicts, and (3) request a judicial RAD if appropriate or at least inform the defendant of the availability of the motion. (*People* v. *Soriano, supra,* 194 Cal.App.3d 1470.) On the other hand, *Soriano* can be limited to its facts, i.e, a situation where the defendant may have been misinformed of the deportation consequences of his plea and where he avers he would not have entered the plea if he had known he would be deported as a result of the plea. If *Soriano* is read narrowly, it is not dispositive of this case because respondent does not contend he was misinformed of the immigration consequences of his plea or that he would not have pleaded guilty had he been aware of the immigration consequences. Respondent's sole complaint to the court below was that counsel was ineffective for failing to advise respondent of his right to request a RAD from the sentencing court.

### C. Did Counsel's Failure to Advise Respondent of His Right to Request a RAD Constitute Ineffective Assistance?

The states are divided on whether failing to inform an alien of the immigration consequences of a guilty plea constitutes ineffective assistance of counsel. (*State* v. *Santos* (1987) 136 Wis.2d 528 [401 N.W.2d 856, 859].) As a general rule, deportation is viewed as a collateral consequence of a plea. Thus, absent a statute such as section 1016.5, neither the trial court nor counsel is obliged to inform a defendant of the possible consequence of deportation. (401 N.W.2d at p. 858; *Matter of Peters* (1988) 50 Wn.App. 702 [750 P.2d 643, 645].) It follows then, if counsel is not required to inform

a defendant of possible deportation, counsel is not constitutionally required to advise a defendant of his right to request a RAD when a defendant faces deportation as a result of his guilty plea. (See, e.g., *State* v. *Santos, supra,* 401 N.W.2d at pp. 858-859.)

The California Legislature, however, has parted company with the general view and, pursuant to section 1016.5, requires the court to warn the alien defendant of the possible immigration consequences of his guilty plea. A few out-of-state courts also have recognized the drastic consequences of deportation and require that a defendant entering a plea be advised of the possibility of deportation. (*Lyons* v. *Pearce* (1985) 298 Ore. 554 [694 P.2d 969, 976-977].)

In addition, several courts have held that an attorney's failure to request a RAD (8 U.S.C. § 1251(b)), where the defendant was subject to deportation as a result of his conviction, constitutes ineffective assistance of counsel. In *Lyons* v. *Pearce, supra,* 694 P.2d 969, the court explained its conclusion: "Commentators have observed that the recommendation against deportation is a significant tool available to forestall deportation of which defense attorneys should be aware. [Citations.] Once obtained from the sentencing court, a recommendation is absolutely binding upon the Attorney General and leaves no discretionary authority to deport. This important statutory protection cannot be overlooked by defense attorneys representing alien defendants." (694 P.2d at p. 978.)

The court equated an attorney's failure to request a RAD with failure to perfect an appeal.

"In one the defendant faces certain exile from his chosen country and in the other the defendant faces certain imprisonment or other imposed penalties. Indeed, the exile may carry with it more serious long range consequences." (694 P.2d at p. 978.)

In *Janvier* v. *U.S.* (N.D.N.Y. 1987) 659 F.Supp. 827 [94 A.L.R.Fed. 861], the court analyzed defendant's claim that counsel was ineffective for failing to request a RAD under the *Strickland* v. *Washington, supra,* 466 U.S. at pages 689-691 [80 L.Ed.2d at pages 694-696], standard. The court declined to rule that failure to request a RAD hearing is per se ineffective assistance of counsel but concluded defendant met his burden where defense counsel's failure to seek a recommendation was not a strategic choice. Counsel admitted he did not know the deportation consequences of defendant's convictions and sentence, and he made no effort to determine if such consequences existed. Such a failure to investigate the applicable law

could not be considered adequate under prevailing norms of professional competency. (*Janvier* v. *U.S., supra,* 659 F.Supp. at p. 829.)

We find the reasoning of *Lyons* v. *Pearce, supra,* 694 P.2d 969, and *Janvier* v. *U.S., supra,* 659 F.Supp. 827, persuasive. Sentencing is a critical stage of a criminal prosecution. (*Mempa* v. *Rhay* (1967) 389 U.S. 128, 134 [19 L.Ed.2d 336, 340, 88 S.Ct. 254].) Although deportation is a collateral consequence of conviction, the RAD pursuant to 8 United States Code section 1251(b) is part of the sentencing process to which the Sixth Amendment safeguards apply. (*Janvier* v. *United States* (2d Cir. 1986) 793 F.2d 449, 455.) Effective assistance at sentencing requires the defense attorney to investigate relevant dispositions and their consequences. (3 ABA Standards for Criminal Justice, std. § 18-6.3 (2d ed. 1980) pp. 426-427.)[5]

In his declaration in support of respondent's petition trial counsel stated at the time he represented respondent he was unaware of the RAD procedure available under 8 United States Code section 1251(b). Had he been aware of the remedy, he would have requested a RAD, and he believes there was a "reasonable probability" the court would have granted it. Implicit in counsel's statement is that he would have advised respondent of his right to request a RAD if counsel had been aware of the right. Thus, counsel's failure to advise respondent of his right to request a RAD was not a strategic choice made after investigation of the law and the sentencing alternatives available. Therefore, under the prevailing professional norms, counsel's failure to advise respondent of the availability of a RAD hearing from the sentencing court where respondent was subject to deportation as a result of his conviction renders his assistance constitutionally inadequate.

## Was Respondent Prejudiced by Counsel's Inadequate Assistance?

Counsel's failure to advise his client of his right to request a RAD from the sentencing judge prejudiced respondent. Since no hearing was requested

---

[5]Standard 18-6.3 provides in pertinent part: "(e) The defense attorney should recognize that the sentencing stage is the time at which for many defendants the most important service of the entire proceeding can be performed.

"(f) The duties of the defense attorney with respect to each specific sentence should include the following steps:

"(i) The attorney should familiarize himself or herself with all of the sentencing alternatives that are available for the offenses of which the client has been convicted . . . . Such preparation should also include familiarization with the practical consequences of different sentences and with the normal pattern of sentences for the offense involved, including any guidelines applicable at either the sentencing or parole states [*sic*];

"  . . . . . . . . . . . . . . .

"(iv) In appropriate cases, the attorney should make special efforts to investigate the desirability of a disposition which would particularly meet the needs of the defendant, . . . If such a disposition is available and seems appropriate, the attorney, with the consent of the defendant, should make a recommendation at the sentencing proceeding that it be utilized."

and no recommendation sought, none was obtained. The automatic deportation consequences followed without any opportunity for respondent to be heard. Whether respondent would have exercised his right to request a RAD or whether the court would have given the recommendation if so requested, is not relevant at this stage. We can only assume that under the facts of this case respondent would have requested a RAD if he had been advised of this right.[6] We cannot speculate how the sentencing court would have exercised its discretion had a hearing been held. Respondent has demonstrated that counsel's assistance was ineffective at sentencing, and this ineffectiveness directly prejudiced him. Thus, both parts of the *Strickland* v. *Washington, supra,* 466 U.S. 668, test for ineffective assistance of counsel have been satisfied.

II. *What is the appropriate remedy for counsel's ineffectiveness?*

■ The Attorney General submits, if counsel was ineffective in not seeking a RAD, the ineffectiveness occurred in relation to sentencing, not to the plea, so the trial court erred by setting aside respondent's plea of guilty. The Attorney General is correct. Nothing in the record indicates respondent would not have pleaded guilty if he was aware of the availability of a RAD from the sentencing court which, if granted, would render him not deportable. (*Hill* v. *Lockhart* (1985) 474 U.S. 52, 58-59 [88 L.Ed.2d 203, 209-210, 106 S.Ct. 366]; and see *In re Ibarra* (1983) 34 Cal.3d 277, 284 [193 Cal.Rptr. 538, 666 P.2d 980].)

As noted above, this case is distinguishable from *People* v. *Soriano, supra,* 194 Cal.App.3d 1470 because respondent does not claim he was unaware he could be deported as a result of his plea, nor did he claim counsel misinformed him about the deportation consequences of his plea. Accordingly, counsel's failings did not affect the plea portion of the criminal process, and fairness does not require that respondent be permitted to withdraw his plea.

In *Janvier* v. *United States, supra,* 793 F.2d 449, the court concluded the recommendation envisioned by 8 United States Code section 1251(b) is part of the sentencing stage of the criminal prosecution. Thus, if a defendant is deprived of effective assistance of counsel with respect to a RAD, the remedy is to vacate the sentence and judgment and conduct proceedings to determine whether to recommend that respondent not be deported as a result of his convictions. (*Id.* at pp. 455, 456; *Janvier* v. *U.S., supra,* 659 F.Supp. 827 at p. 829; accord, *Lyons* v. *Pearce, supra,* 694 P.2d at p. 978.)

---

[6] There may be situations where a defendant does not wish to disclose his noncitizen status by requesting a RAD. Thus, if after being advised of the right to request a RAD, a defendant decides he does not want to reveal his alien status, his attorney may not violate the attorney-client privilege by requesting a RAD.

■ On appeal, for the first time, respondent claims the ineffective assistance also affected his plea. He maintains if counsel had been aware of the specific immigration consequences of his plea under 8 United States Code section 1251(a)(4) and so advised him, he could have directed his attorney to negotiate a more beneficial disposition. This contention must fail because it was not presented to the court below. In his petition for writ of habeas corpus, respondent's only specific claim of ineffective assistance was counsel's failure to advise him of the RAD proceedings and to move for such relief on his behalf. "Matters not presented by the record cannot be considered on the suggestion of counsel in the briefs." (*People* v. *Gardner* (1969) 71 Cal.2d 843, 849 [79 Cal.Rptr. 743, 457 P.2d 575]; Witkin, Cal. Criminal Procedure (1963) Appeal, §§ 681-682, pp. 665-666.)

■ Respondent also contends his prejudice cannot be cured by vacating his sentence and remanding the case for resentencing because the RAD remedy is deemed waived if not made within the statutorily designated time. In *People* v. *Borja* (1981) 125 Cal.App.3d 758 [178 Cal.Rptr. 287], the court interpreted 8 United States Code section 1251(b)(2) and concluded unless the RAD is made at the time of or within 30 days of the original sentencing, it is not binding on the immigration service. Further, any attempt to circumvent the statute by amending the judgment nunc pro tunc or vacating the original judgment and resentencing is prohibited. (*Id.* at p. 762; accord, *Velez-Lozano* v. *Immigration and Naturalization Serv., supra,* 463 F.2d 1305.) While *Borja* would appear to preclude relief to respondent, the case is distinguishable because Borja did not claim he received ineffective assistance of counsel.

United States Code section 1251(b) provides that the 30-day period during which the nondeportation recommendation may be made is triggered by the "first" sentencing of the alien. As pointed out in *People* v. *Borja, supra,* 125 Cal.App.3d 758, the provision has been read restrictively. However, the section is appropriately interpreted as having its 30-day period triggered only by the imposition of a *valid* sentence. When the judgment is vacated on grounds of ineffective assistance of counsel and a new judgment is entered, the new judgment is the "first" judgment within the meaning of section 1251(b). (*Janvier* v. *United States, supra,* 793 F.2d at p. 455.) Accordingly, this court can fashion appropriate relief for respondent by vacating his sentence and remanding the matter to the trial court for resentencing. On remand, counsel will confer with respondent regarding his decision whether to request a RAD and abide by respondent's wishes.

The judgment of the trial court is modified to reflect: respondent's petition for writ of habeas corpus is granted, but the order of the trial court

setting aside respondent's guilty plea is reversed, and respondent's sentence and judgment are vacated.

The judgment is affirmed as modified. The matter is remanded for resentencing in accordance with this opinion.

Best, J., and Stone (W. A.), J., concurred.

Respondent's petition for review by the Supreme Court was denied February 15, 1990.