Filed 8/21/18; pub. order 9/14/18(see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LUIS ARIEL CRUZ-LOPEZ,<br><br>        Defendant and Appellant. | A152348<br><br>(Marin County<br>Super. Ct. No. SC186143A) |

**INTRODUCTION**

On March 30, 2017, appellant filed a motion to vacate revocation of probation pursuant to Penal Code[1] section 1473.7, subdivision (a)(1).  In the motion, appellant raised the issue of ineffective assistance of counsel.  He claims he was not properly advised by his trial counsel regarding the aggravated felony immigration consequences of his admission and sentence.  Also, he argues his defense attorney was ignorant of the immigration consequences of his probation sentence, execution of sentence suspended (ESS); he should have requested a probation sentence, imposition of sentence suspended (ISS), as part of the deal.  The trial court denied the motion on June 30, 2017.  A timely appeal was filed on August 29, 2017.  We affirm.

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

## STATEMENT OF FACTS

**Marin County Superior Court Case No. SC186143A (Aggravated Assault Felony Plea)**

On September 15, 2013, E.R. was eating a meal in a restaurant in Novato. He was approached by appellant, who entered the restaurant and demanded E.R. follow him outside. E.R. knew appellant and reluctantly complied with the directive. When the two men were outside, appellant proceeded to hit E.R. in the head and then kicked him. He may have used a glass bottle when he struck E.R. in the head. When the police arrived, they saw the two men struggling on the sidewalk. E.R.'s left ear was partially severed.

Witnesses in the restaurant reported to police that E.R. was eating a meal in the restaurant when appellant entered and demanded he step outside. A video of the incident was recovered from the surveillance camera in the restaurant. The police watched the video and determined it showed E.R. leaving the restaurant with appellant. Appellant then struck E.R. in the head with a bottle. No provocative acts were indicated on the part of E.R.[2] The victim believed appellant thought he was a Norteño member because appellant called him a "Chapete," which is derogatory term Sureños label members of the Norteños.

*Marin County Superior Court Case No. SC185751A*

On August 9, 2013, appellant was stopped for a traffic violation in Novato. The officer smelled marijuana emanating from the car appellant was driving. Appellant admitted to the use of marijuana. The officer found a bottle of 30 Vicodin pills in driver's side door.

---

[2] This narrative is based on the probation report. There was no testimony since appellant entered a guilty plea. The additional facts regarding appellant's other criminal acts are also based on the same probation report.

*Marin County Superior Court Case No. CR185379A*

On June 26, 2013, Novato police observed appellant, along with two companions, yelling at a passing motorist. The officer knew appellant from prior contacts and believed he associated with the Sureños street gang. The officer observed appellant then engage in vehicle code violations as he proceeded to drive his car and a stop was made. The police found a baseball bat protruding from under the passenger's seat. Appellant confirmed it was his. He acknowledged he had a "lot of friends" who were Sureños.

*Marin County Superior Court Case No. SC167808A*

Prior to these incidents, appellant was convicted of receiving stolen property, a violation of section 496, subdivision (a). He sustained the conviction on September 30, 2010. He was placed on three years' probation and received 60 days in jail. His probation was revoked and then reinstated in 2011.

As a result of the three new incidents identified above, the district attorney moved to revoke probation on September 26, 2013.

## PROCEDURAL HISTORY OF THE CASE

On January 24, 2014, appellant pleaded guilty to a felony assault with a deadly weapon in case No. 186143A. This felony was a strike. Several enhancements were stricken in exchange for the guilty plea. Appellant was sentenced to ISS, three years' probation and a county jail term of 180 days. On the same day, appellant entered a plea of guilty to possession of a controlled substance in case No. SC185751A, and a guilty plea to possession of a billy club in case No. CR185379A. He also admitted the allegations in the motion to revoke probation in case No. SC167808A. The probation was terminated as unsuccessful.

When appellant entered his plea of guilty to the several separate crimes on January 24, 2014, the court engaged in its obligation to obtain *Boykin-Tahl*[3] waivers. He

---

[3] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

was told that if he was not a citizen, a conviction of the offenses to which he was pleading guilty, or a combination of any of them, may result in deportation or exclusion from admission into the United States or the denial of naturalization. Appellant conceded he was worried about the immigration consequences of his pleas. "[M]y problem is I am a resident, so that's—and I am not a citizen, so that's my major worry." The trial court asked appellant's attorney whether he had investigated the immigration consequences that could arise from these guilty pleas. Counsel told the court he had advised appellant "there may well be adverse consequences, including deportation, removal and prevention from reentry." The trial judge told appellant any of the three results could take place in light of his pleas to these serious charges. The court went on to tell appellant: "But if you don't want to enter into these guilty pleas, you don't have to, but before I can accept them, I have to make sure you understand all these things that could happen to you, and be willing to go forward anyway." The court offered appellant additional time to review the consequences regarding immigration here. Appellant essentially responded he did not need more time.

Besides the conversation in court on the subject of immigration and guilty pleas, appellant was advised of the fact each guilty plea could have immigration consequences for him. In the plea form for each separate conviction, appellant placed his initials in a box that stated: "I understand that if I am not a citizen of the United States, my plea of GUILTY may have the consequences of deportation, exclusion from admission to the United States, and/or denial of naturalization or amnesty pursuant to the laws of the United States. I understand that Federal law provides that these consequences are mandatory for certain offenses." Also, appellant's counsel, the prosecutor, and the trial court signed off on each guilty plea form acknowledging appellant was fully aware of his rights and the consequences of the plea; and that this was done freely, voluntarily, and knowingly.

4

On July 9, 2014, the probation department filed a motion to revoke appellant's probation in case No. SC186143A. His probation was revoked on July 31, 2014, and a bench warrant was issued because appellant was absent. He surrendered on August 5, 2014. Probation was reinstated on the same terms and conditions, with the additional commitment by appellant to serve an additional 60 days in jail.

On October 9, 2014, the Department of Homeland Security placed an immigration removal hold on appellant based on his drug conviction in case No. SC185751A. He was granted cancellation of the removal hold on March 25, 2015, and released from Immigration and Customs Enforcement (ICE) custody.

On October 5, 2015, the district attorney filed a motion to revoke probation in case No. SC186143A because appellant was found in possession of methamphetamine for sale on September 23, 2015, as well as possession of marijuana, resisting arrest, and attempting to destroy evidence. He also refused to allow enforcement of a search condition, in violation of probation. Appellant denied the probation violation motion allegations. On December 15, 2015, appellant admitted the allegations in the revocation motion. He was sentenced to state prison for three years, the *execution of the sentence was suspended* (ESS) and he was placed on probation for *five* years.

The September 2015 arrest resulted in a new criminal case, Marin County Superior Court case No. SC194804, alleging the criminal offense of resisting arrest and the other offenses. Appellant pleaded guilty to resisting arrest, with the other offenses dismissed pursuant to section 1385. Probation was denied and appellant was sentenced to 360 days in the county jail.

On March 30, 2017, appellant filed a motion pursuant to section 1473.7, subdivision (a)(1) to vacate his admitting a violation of probation in case No. SC186143A. On June 30, 2017, the court denied the motion. In his motion, appellant claimed he did not recall discussing the potential immigration consequences of his plea in case No. 186143A. His reason for a lack of recall was appellant believed it

5

was a misdemeanor plea. However, the plea form indicates the sentence could be four years, with his initials acknowledging that potential term as well as the felony enhancements being dismissed for his plea. If appellant misunderstood the immigration consequences once on probation, he would have sought further modification.

Part of the motion under section 1473.7 was a declaration from Christopher Todd, an immigration attorney. In his statement, he affirmed that appellant's trial counsel did a good job handling this case. He thought it was significant that trial counsel contacted the Immigration Legal Resource Center on appellant's latest case, case No. SC194804. Todd argues trial counsel was not aware a state prison suspended sentence of three years, the sentence appellant faced due to the aggravated strike assault conviction, would be considered an aggravated felony in the eyes of the federal immigration authorities. This made appellant subject to removal.

At the hearing on June 7, 2017, regarding the section 1437.7 motion, Todd was a witness for appellant. Todd pointed out appellant was previously before a federal immigration judge in 2015, before the filing of the revocation motion. Appellant was then granted relief from deportation and his permanent residence status was restored. However, under federal immigration laws, Todd noted the cancellation of removal is a one-time option for a person. Appellant essentially had his bite of the apple. Todd was questioned regarding the sentence appellant received in case No. SC194804. This was the guilty plea to section 148, with a term of 360 days in county jail, along with the ESS of three years and five years' probation. Todd indicated that a new sentence on a probation violation aggravates the previous sentence in the eyes of immigration authorities. The one-year jail sentence elevates his difficulties with the Immigration and Naturalization Service (INS); the ESS sentence becomes an issue while an ISS would not. In sum, the sentence imposed due to appellant's probation violation made the previous crime an aggravated felony, rendering a permanent resident removable and ineligible for almost all relief under the INS laws. To Todd, with his experience in immigration law, a

6

sentence to custody for one year was most unfortunate. With appellant's record, an original six-month sentence and subsequent additional six-month or more sentence made the situation aggravated.

Under cross-examination, Todd confirmed appellant was on probation for aggravated assault, a serious felony and a strike offense in California. Picking up an arrest for possessing methamphetamine for sale and resisting arrest were serious postconviction incidents. Furthermore, Todd was not aware of the details of trial counsel's conversations with Immigration Legal Resource Center staff and their conversations may well have covered the various concerns for which Todd faulted trial counsel.

At the hearing, the court questioned counsel whether appellant's admission to a probation violation and receiving an ESS sentence was a matter within the scope of section 1473.7. While appellant purportedly indicated he would have gone to trial had he known the immigration consequences of modifying his probation after his arrest in case No. SC194804, the trial court noted as a result of the probation modification, appellant avoided the consequences of a possible guilty finding in the more serious drug offense, which was dismissed under section 1385. Also, appellant was told by the same court, when he pleaded to the aggravated assault, the plea potentially would have immigration consequences. He still chose to proceed. The court noted the assault was possibly gang-related, which heightened its seriousness. Because the crime pleaded to was a strike, appellant may have been probation ineligible, yet he received probation. As a juvenile he had a prior assault and was on probation for receiving stolen property at the time of the assault plea. The temporal space between the section 496 probation and the new strike felony was but five months. Afterwards, appellant became a fugitive and had to be arrested on a bench warrant.

The court discussed the possibility of imposing an ISS sentence under the facts and record here. It noted there was no reasonable basis in the court's view for an ISS

7

sentence. "[T]he fact of the matter is, objectively, on this record, . . . there can be no reasonable conclusion that [appellant] would have done any better than he did by getting an ESS sentence and a dismissal of the new case, at least a felony and strike allegations in the new case. [¶] I was the judge presiding at the time. . . . I wouldn't have accepted a lesser disposition on the case. I would not have felt comfortable having the defendant remain on an ISS sentence, and had then and have now the perspective that the disposition that the defendant received was the most favorable he possibly could have had." The trial court also noted the prosecutor was only willing to agree to an ESS sentence if appellant waived all his custody credits to avoid a state prison commitment.

The sentencing court also noted: "It's not reasonable or supported by objective facts that the defendant would have rejected the deal, risked going to trial on the new [section] 11378 [drug charge] with a strike prior, with six years of state prison exposure, mandatory state prison exposure at 80 percent time, while the Court was hearing the probation violation in the older case, the [section] 245 [strike prior probation] case, concurrently with four years['] exposure itself. [¶] His *Johnson* waiver [of custody credit] I think shows the defendant's willingness to negotiate a deal. The facts suggest he took the best deal he could to physically avoid going to state prison, as I said. [¶] There's no evidence, I don't think on this record, that *his counsel inaccurately conveyed the DA's offer to him or affirmatively misadvised him on immigration consequences. [¶] . . . I'm finding that the defendant has not established . . . he has not proved prejudicial error under [section 1473.7] subdivision (a)(1)."* (Italics added.)

## DISCUSSION

### The Trial Court Properly Denied Appellant's Section 1473.7 Motion to Vacate His Conviction.

Section 1473.7, subdivision (a)(1) states a person who is no longer imprisoned or restrained may move to vacate a sentence or conviction if it is "legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend

8

against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere."  Under section 1473.7, subdivision (e)(1), the moving party has the burden by a preponderance of the evidence to establish a basis for this motion.

This particular statute has a role in protecting a person's immigration status in matters that arise years or even decades after the underlying criminal conviction.  The statute seems applicable after other and more traditional collateral relief measures are not available.  Generally, a petition for writ of habeas corpus or section 1016.5 relief are the means available to an appellant who is in custody or restrained and wishes to withdraw his plea because he was not advised of immigration consequences of his plea.[4]  (*People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1618.)  Section 1473.7 permits persons unable to assert habeas or section 1016.5 claims to have standing to challenge a conviction.  To obtain relief per this statute, the individual cannot be in custody or under restraint.  However, a person like appellant, currently on probation, is in constructive custody—he is under restraint.  (*People v. Villa* (2009) 45 Cal.4th 1063, 1069 (*Villa*).)  Actual physical custody is no longer required.  Thus, "the decisional law of recent years has expanded the [habeas corpus] writ's application to persons who are determined to be in constructive custody."  (*Ibid.*)  The court went on to cite cases within the scope of "constructive custody" to include probation (*In re Osslo* (1958) 51 Cal.2d 371) and parole (*In re Jones*

---

[4] Section 1016.5, subdivision (a) states that prior to acceptance of a guilty plea or no contest plea to any offense punishable as a crime under state law, the court shall administer an advisement on the record to the defendant that states:  "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  (§ 1016.5, subd. (a).)  If the court fails to advise the defendant as required and the defendant shows that his guilty or no contest plea may have the consequences of deportation, exclusion, or denial of naturalization, the court on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or no contest, and enter a plea of not guilty.  (§ 1016.5, subd. (b).)

(1962) 57 Cal.2d 860).  (*Villa*, at p. 1069).  The probation violation was admitted in December 2015 and he was given *supervised* probation for five years.  His motion to vacate the plea under section 1473.7 was filed in 2017.  He therefore was not a person "no longer imprisoned or restrained."  Section 1473.7 is not applicable to a person under probation at the time the motion is presented.

Appellant, furthermore, is not basing his section 1473.7 motion on the contention he did not understand the immigration consequences of a *guilty plea or no contest plea*.  His motion challenged he did not understand the immigration consequences of his probation violation admission.  This aspect of criminal proceedings is not covered by section 1473.7 and a literal reading of the statute itself.  When there is no ambiguity to the statute in issue, the plain meaning governs.  (*People v. Lawrence* (2000) 24 Cal.4th 219, 230–231.)  At no time in his motion did appellant claim he did not understand his *guilty* pleas on January 24, 2014, would impact on his immigration status.

In this case, besides his complaint regarding the immigration consequences of his probation revocation, appellant points to no irregularity or defect in the probation proceedings in this case.  He does not challenge the hearing where he was found in violation of probation due to his new arrests and his sentence was modified to a combination of county jail time and an ESS probation sentence.  It is fundamental that probationers are entitled to protections under due process before probation may be modified.  They have the right to discover the evidence against them, confront witnesses and cross-examine them, a neutral judge to hear the case, and the reasons for revocation.  (*People v. Vickers* (1972) 8 Cal.3d 451, 457–458.)  However, revocation of probation does not encompass the admonitions required in a guilty plea.

**Appellant Was Not Deprived of the Effective Assistance of Counsel.**

Appellant contends he was deprived of the effective assistance of counsel in this case due to her handling of the probation revocation issue.  On this issue, appellant must demonstrate his attorney's performance was deficient, falling below an objective standard

10

of reasonableness under prevailing professional norms, and the deficient performance triggered prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 688; *In re Marquez* (1992) 1 Cal.4th 584, 602–603.) Prejudice requires a showing of reasonable probability that, but for the professional errors of trial counsel, the result of the proceeding would have been different. (*Strickland*, at pp. 693–694.)

Here, appellant is essentially asking to set aside the guilty plea in the first instance because he was not properly advised of immigration consequences of his plea. To be successful in a motion withdrawing a guilty plea due to improper immigration advisement, an accused must demonstrate he was ignorant of these consequences when he entered his plea. (*People v. Castaneda*, *supra*, 37 Cal.App.4th at p. 1619.) While this appeal does not involve a guilty plea, appellant cannot say he was unaware there were possible consequences on his immigration status by admitting to a probation violation. He was advised by counsel and the court when he entered his plea to aggravated assault in case No. SC186143A on January 24, 2014. Both the printed forms and the in-court admonition pointed out there were immigration consequences to these pleas. He was told the federal consequences could be mandatory. He signed a plea form confirming this, and affirmed he had read the forms. In fact, appellant stated his concerns expressly to the court. When the court asked if appellant needed more time to consider this specific issue, he told the judge he did not.

Regarding the issue of ineffective assistance in the probation hearing, appellant maintains now that his trial attorney was "unaware that the new sentence on the probation violation rendered the conviction an aggravated felony" for immigration purposes.

Missing from this record is any declaration by his trial attorney confirming she lacked this information, or that appellant's attorney did not consider alternatives in the disposition. Additionally, there is no evidence to suggest the prosecution, and/or the trial court, would approve any leniency in this revocation proceeding. The remarks by the

11

trial court support the point the hearing judge would not have approved an alternative, less punitive option.

Additionally, there is no authority provided that requires a trial court in a probation hearing to remind a person again of the immigration consequences in a revocation proceeding. Nor is there authority the failure to discuss immigration consequences with a defendant previously advised falls below professional standards. Appellant was fully advised in 2014 and provides no information he was not aware of possible adversities to his immigration status when he was before the trial court on this probation violation. Under section 1016.5, admonition regarding immigration status is only necessary when the accused is entering a plea to a violation of state law. That happened here. There is no statutory duty to readvise when the subject is before the court on a probation matter.

In his brief, appellant relies on *Padilla v. Kentucky* (2010) 559 U.S. 356. There the court held the Sixth Amendment requires an accused entering a guilty plea to be advised of deportation consequences. (*Id*. at p. 374.) However, the case does not suggest a constitutional obligation to remind an accused of these concerns in subsequent appearances relating to the same offenses.

Appellant also references *People v. Soriano* (1987) 194 Cal.App.3d 1470 and *People v. Barocio* (1989) 216 Cal.App.3d 99. Neither is relevant to our case. In *Soriano,* the defendant entered a guilty plea to assault with a deadly weapon. While serving a county jail sentence as a result of the plea, INS arrested him. (*Soriano*, at p. 1473.) Trial counsel declared she was not aware of the full nature of immigration consequences of the defendant's guilty plea and would have attempted a different resolution if she did understand. (*Id*. at p. 1480.) While she did mention immigration consequences, the court found her admonition was "formulaic" and inadequate. (*Soriano*, at pp. 1481–1482.) In our case, appellant does not challenge the details of the deportation admonition. He has not challenged what he was told when he entered his guilty pleas. Further, a review of

the colloquy in case No. SC186143A discloses no infirmity regarding what was said. In *Barocio*, the trial counsel filed a declaration he was not aware of important features of immigration and conceded he did not discuss them with the defendant. The trial court indicated it would have ruled in favor of the defendant if the issue was properly presented. Counsel's concession he was unaware of these principles rendered him ineffective under the Sixth Amendment. (*Barocio*, at p. 109–110.)

Again, the admonition in this case is not challenged as inadequate under section 1016.5. Appellant claims counsel at the probation hearing failed to properly advise. Yet no case is presented in this regard to support a legal requirement to readvise. Furthermore, the motion was filed under section 1473.7, which is not applicable since appellant was and still is serving a probationary sentence.

Even if appellant satisfies the first *Strickland* prong, he fails to establish the second, prejudice prong. An allegation that trial counsel failed to properly advise a defendant is meaningless unless there is objective corroborating evidence supporting appellant's claimed failures. Under *In re Alvernaz* (1992) 2 Cal.4th 924, 938, the "easy" claim that counsel gave inaccurate information further requires corroboration and objective evidence because a declaration by defendant is suspect by itself. The fact is courts should not disturb a plea merely because of subsequent assertions by a defendant claiming his lawyer was deficient. The reviewing court should also assess additional contemporaneous evidence. (*Lee v. United States* (2017) ___ U.S. ___ [137 S.Ct. 1958, 1961].) We have no such evidence presented. There is no declaration of improper advice by trial counsel; the transcript of court proceedings reflects trial counsel and the court were aware of immigration issues during the plea process. Even the declaration by attorney Todd submitted during the hearing on the section 1473.7 hearing finds no statutory or constitutional missteps by trial counsel during the proceedings.

Again, there is no legal obligation to readvise the accused. This record in no way suggests the prosecutor would have permitted any sentence postrevocation other than the

13

ESS disposition. Importantly, the trial court expressly stated, as shown above, it would not have tolerated any lesser sentence here. (*People v. Segura* (2008) 44 Cal.4th 921, 930.) Also, the court was dubious appellant would have gone to trial facing a probation revocation *and* the sentence for possession for sale of controlled substances with a strike allegation.

## CONCLUSION

We find that appellant, a convicted felon currently on formal probation, is not a person entitled to the relief covered in section 1473.7. Because he is on probation currently, under the case law he had the opportunity to challenge any *plea* colloquy by petition for writ of habeas corpus or under section 1016.5. Furthermore, he fails to establish any *Strickland* error with his trial counsel.

## DISPOSITION

We affirm the judgment.

14

_____
Dondero, J.

We concur:


_____
Margulies, Acting P. J.


_____
Banke, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. LUIS ARIEL CRUZ-LOPEZ, Defendant and Appellant. | A152348 (Marin County Super. Ct. No. SC186143A) ORDER CERTIFYING OPINION FOR PUBLICATION NO CHANGE IN JUDGMENT |

THE COURT:

The opinion in the above-entitled matter, filed on August 21, 2018, was not certified for publication in the Official Reports. After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

Dated: _____
Dondero, J.

Trial Court:   Marin County Superior Court

Trial Judge:   Hon. Andrew E. Sweet

Counsel:

Jennifer M. Sheetz, *under appointment of the Court of Appeal under the First District Appellate Project, Independent Case System,* for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Lisa Ashley Ott, Sharon Wooden, and Moona Nandi, Deputy Attorneys General, for Plaintiff and Respondent.

*A152348  People v. Cruz-Lopez*