[No. F012077. Fifth Dist. Nov. 16, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
LEONARD MICHAEL MARELLA, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I, II and III.

**COUNSEL**

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, and Jay Colangelo, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Janelle B. Davis and John T. Swan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ARDAIZ, Acting P. J.**—A jury convicted appellant of discharging a firearm at an inhabited dwelling (Pen. Code, § 246).[1] The jury also found true the allegation appellant personally used a firearm (§ 12022.5). After appellant waived his right to a jury trial, the court found true the allegation appellant had served a prior prison term within the meaning of section 667.5, subdivision (b). We affirm the judgment.[2]

### I-III*

. . . . . . . . . . . . . . . . . . . .

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The facts underlying appellant's conviction are not necessary to our discussion and are included in the unpublished portion of this opinion.

\* See footnote, *ante*, page 381.

## IV

### *Boykin-Tahl Waiver*

Appellant personally waived the right to a jury trial on the prior prison term allegation. Defense counsel then stated his understanding that the waiver would not preclude him from challenging the prior prison term. In response, the court explained:

"Oh, yes, you may object to any evidence and move to strike or whatever . . . at the time that we hear that. And what I propose to do if there is a guilty verdict in this matter, I will put the trial or the hearing on the prior conviction over to the time of sentencing, and at that time the People will be ordered to be prepared to come forward with the evidence and you can present any evidence on behalf of the defendant, any witnesses. And of course you would be entitled to cross-examine any witnesses who are produced by the People, if any. I take it they probably will simply submit documentary evidence, but we shall see at that time."

At the hearing, the People offered and the court admitted certified prison records as authorized by section 969b.[3] The People offered no other evidence or witnesses. Appellant did not challenge the People's evidence and submitted the matter without presentation of evidence or argument. The court found true the prior prison term allegation.

 Appellant now contends the abbreviated court trial on the prior prison term was the equivalent of a *Bunnell* submission[4] thus necessitating full *Boykin-Tahl*[5] admonishment and waiver. We reject appellant's assertion. A defendant who voluntarily waives his right to a jury trial on the truth of the prior prison term allegation and does not object when documentary evidence is introduced pursuant to section 969b has not "submitted" the issue within the meaning of Bunnell.

---

[3] Section 969b provides: "For the purpose of establishing prima facie evidence of the fact that a person being tried for a crime or public offense under the laws of this State has been convicted of an act punishable by imprisonment in a state prison, county jail or city jail of this State, and has served a term therefor in any penal institution, or has been convicted of an act in any other state, which would be punishable as a crime in this State, and has served a term therefor in any state penitentiary, reformatory, county jail or city jail, or has been convicted of an act declared to be a crime by any act or law of the United States, and has served a term therefor in any penal institution, the records or copies of records of any state penitentiary, reformatory, county jail, city jail, or federal penitentiary in which such person has been imprisoned, when such records or copies thereof have been certified by the official custodian of such records, may be introduced as such evidence."

[4] *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086].

[5] *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

Under the *Boykin-Tahl* rule a guilty plea is not valid unless the record reflects the defendant had been advised of and waived his right to a jury trial, to confront and cross-examine witnesses, and against self-incrimination. (*In re Tahl, supra,* 1 Cal.3d at p. 130.) In *People* v. *Levey* (1973) 8 Cal.3d 648, 654 [105 Cal.Rptr. 516, 504 P.2d 452], the Supreme Court extended the *Boykin-Tahl* advisement and waiver requirements to cases in which a defendant's submission on the transcripts of the preliminary hearing was tantamount to a guilty plea. In *Bunnell, supra,* the Supreme Court held *Boykin-Tahl* advisement and waivers are required in all cases in which the defendant seeks to submit his case for decision on the preliminary hearing transcript regardless of whether the submission was tantamount to a guilty plea. (*People* v. *Wright* (1987) 43 Cal.3d 487, 493 [233 Cal.Rptr. 69, 729 P.2d 260].) In *Bunnell* the court held: "[I]n all cases in which the defendant seeks to submit his case for decision on the transcript or to plead guilty, the record shall reflect that he has been advised of his right to a jury trial, to confront and cross-examine witnesses, and against self-incrimination. It shall also demonstrate that he understands the nature of the charges. Express waivers of the enumerated constitutional rights shall appear. In cases in which there is to be a submission without a reservation by the defendant of the right to present evidence in his own defense he shall be advised of that right and an express waiver thereof taken. If a defendant does not reserve the right to present additional evidence and does not advise the court that he will contest his guilt in argument to the court, the defendant shall be advised of the probability that the submission will result in a conviction of the offense or offenses charged. In all guilty plea and submission cases the defendant shall be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, registration requirements, if any (e.g., § 290; Health & Saf. Code, § 11590), and in appropriate cases the possibility of commitment pursuant to Welfare and Institutions Code, sections 3050, 3051, or 6302." (*Bunnell, supra,* 13 Cal.3d at p. 605.)[6]

Recently, in *People* v. *Robertson* (1989) 48 Cal.3d 18 [255 Cal.Rptr. 631, 767 P.2d 1109], the Supreme Court provided guidance in determining whether there has been a "submission" within the meaning of *Bunnell.* The court stated: "*A 'submission' within the meaning of Tahl, supra, 1 Cal.3d 122 and Bunnell, supra, 13 Cal.3d 592 occurs when a defendant gives up his right to trial by jury* and, unless otherwise specified, the right to present additional evidence in his own defense *and agrees the court can decide his case on the basis of the transcript of prior proceedings.* [Citations.] Although the parties may reserve the right to present additional evidence, the essential

---

[6]The standard of review for *Bunnell* error turns on whether the submission was tantamount to a guilty plea. (*People* v. *Wright, supra,* at p. 495.)

components of a submission are waiver of a jury trial and, with respect to the witnesses who testified in the prior proceedings, waiver of the right to confrontation in the present proceeding. [Citations.] When the submission is a 'slow plea' or 'tantamount to a plea of guilty,' the defendant also gives up his privilege against self-incrimination. [Citation.] Thus, a 'submission' is defined by the rights a defendant surrenders." (48 Cal.3d at pp. 39-40, italics added.)

In *Robertson*, the defendant waived his statutory right to a jury trial at the penalty phase.[7] He then stipulated the court "could read and consider the former testimony of 21 specified witnesses, with the understanding either side could . . . call any of the witnesses for additional testimony." (*People* v. *Robertson, supra*, 48 Cal.3d at pp. 38-39.)

The Supreme Court rejected the defendant's assertion of *Boykin-Tahl* error. The court stated: "Assuming, without deciding, that the requirements of *Boykin-Tahl* would in some circumstances apply to a submission of the issue of penalty on the transcript of prior proceedings, this is not such a case." (*People* v. *Robertson, supra*, 48 Cal.3d at p. 39.)

In concluding no *Bunnell* "submission" had occurred the court reasoned: "Here, as indicated, defendant had no constitutional right at the penalty phase to a jury trial. His waiver of the statutory right, moreover, was not a consequence of his stipulation to admission of the witnesses' former testimony, but preceded it. [Citation.] Further, by agreeing to the stipulation defendant did not incriminate himself by an 'involuntary confession of guilt' [citation] or, in terms applicable to the penalty phase, an involuntary concession that death was the appropriate penalty; to the contrary, he offered a complete and skillful defense. Nor did defendant surrender the right to confront and cross-examine the witnesses against him; rather, defendant expressly reserved the right to call the witnesses whose former testimony was admitted. As we recognized in *People* v. *Hendricks, supra*, 43 Cal.3d at pages 592-593, involving counsel's failure in a jury trial to present a defense, there is no surrender of any one or more of the three specified constitutional rights 'when the defendant undergoes—and thereby exercises his right to— a jury trial and *has the opportunity* to cross-examine the witnesses against him and to refuse to incriminate himself.' (Italics added.) We perceive no reason for a different conclusion when the defendant undergoes a court trial." (*People* v. *Robertson, supra*, 48 Cal.3d at p. 40.)

As in *Robertson*, here appellant's waiver of his right to a jury trial was *not* a consequence of his having agreed to submit the issue on the basis of

[7] The court rejected the defendant's challenge to the validity of this waiver. (*People* v. *Robertson, supra*, 48 Cal.3d at p. 35.)

transcripts from a prior proceeding. In fact, appellant at no time stipulated to the admission of a witness's former testimony. Neither did he stipulate to the admission of any other evidence.

Appellant merely waived his right to a jury trial on the prior prison term allegation.[8] At the court trial, the People were still required to present evidence to prove the prior. Appellant retained the right to challenge the validity of the People's evidence, to question any witnesses, to subpoena and call witnesses in his defense or to take the witness stand in his own behalf. Under the circumstances, appellant did not "incriminate himself by an 'involuntary confession of guilt' " or "surrender the right to confront and cross-examine the witnesses against him" by agreeing to a court rather than a jury trial. (*People* v. *Robertson, supra*, 48 Cal.3d at p. 40.)

Neither did counsel's decision not to object to the admissibility of the documentary evidence result in a "submission" of the cause. As previously noted, certified copies of prison records expressly are made admissible under section 969b. Counsel's failure to object to such evidence is not a "submission."

Finally, counsel's failure to present evidence or argument did not constitute a "submission." The People presented proof of the prior in a succinct fashion. Appellant had the opportunity to challenge the evidence. He apparently decided not to because there was no basis to challenge or refute the evidence.[9] As the court in *Robertson* explained, a decision not to exercise a right is not the same as a waiver of that right.

Because there was no "submission" in the present case, the requirements of *Boykin-Tahl* are inapplicable. Accordingly, there was no error.

### DISPOSITION

The judgment is affirmed.

Dibiaso, J., and Thaxter, J., concurred.

A petition for a rehearing was denied December 17, 1990, and appellant's petition for review by the Supreme Court was denied January 30, 1991.

---

[8] Appellant does not challenge the validity of this waiver.
[9] Appellant raises no challenge to the sufficiency of the evidence of the prior.