[Crim. No. 38707. Second Dist., Div. Four. Feb. 24, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE D. GUZMAN, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Michael S. Luros, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

McCLOSKY, J.—By information, appellant was charged in count I with committing a lewd and lascivious act upon a child under the age of

14, in violation of Penal Code section 288. In count II, he was charged with inflicting a corporal injury resulting in a traumatic condition upon his spouse in violation of Penal Code section 273.5. In counts III and IV respectively, appellant was charged with assault with a deadly weapon and assault with means likely to produce great bodily injury on his spouse, in violation of Penal Code section 245, subdivision (a). Appellant pleaded not guilty.

On June 3, 1980, pursuant to a plea bargain between appellant and the district attorney, appellant withdrew his plea of not guilty to the crime charged, pleaded nolo contendere to counts I and II, and on the motion of the district attorney, the court dismissed counts III and IV.

Probation was denied and appellant was sentenced to state prison. Appellant obtained a certificate of probable cause and appeals from the judgment of conviction.

## Contentions

■ Appellant contends that his "...plea must be set aside because he was not advised that a possible consequence of his plea was deportation." Respondent concedes appellant was not so advised, but contends that "the error is nonprejudicial since appellant has failed to sustain his burden of demonstrating that he would not have entered the plea of nolo contendere to counts I and II had he been advised of the deportation consequence" and points out that "...appellant made no effort to withdraw his plea...in the trial court...."

Prior to changing his plea, appellant initialled and signed a "Felony Plea Agreement Form." While it advised him of other consequences, it did not advise him that one of the consequences of his plea was deportation.

When he was arraigned for, and entered his plea of nolo contendere, the trial court did not advise him of that consequence of such plea. At the probation and sentencing hearing, the trial court expressly stated that appellant "...is an illegal alien in our community who on several occasions has entered unlawfully and been deported and come back in again...that as a practical matter there is no way to provide adequate probation control on someone who is to be deported as soon as he is released from custody and obviously be back here unlawfully again." Appellant made no motion to the superior court to withdraw his plea.

Penal Code section 1016.5 provides in pertinent part: "(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses . . ., the court shall administer the following advisement on the record to the defendant:

"If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

"(b). . . If, . . . the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

The record reflects that appellant was not given the requisite advisement that possible consequences of his plea were deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. The respondent concedes that appellant was not so advised.

Respondent argues that "the error is nonprejudicial since appellant has failed to sustain his burden of demonstrating that he would not have entered the plea of nolo contendere to counts I and II had he been advised of the deportation consequences"; argues further that as the required advisement of Penal Code section 1016.5 is not constitutionally compelled (See *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561] and *In re Ronald E.* (1977) 19 Cal.3d 315 [137 Cal. Rptr. 781, 562 P.2d 684]), the plea should be set aside only if the error is deemed prejudicial to the appellant. Respondent claims the error of the trial court "is nonprejudicial since appellant has failed to sustain his burden of demonstrating that he would not have entered the plea of nolo contendere to counts I and II had he been advised of the deportation consequence."

In concluding that the error was not prejudicial in *In re Ronald E., supra*, 19 Cal.3d 315 at page 325, the Supreme Court stated that: "The determinative question on the issue of prejudice is as follows: Is it reasonably probable that petitioner might not have been committed to the Youth Authority had the court advised him, prior to his admission of the truth of the allegations, that he might be so committed? (*People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 423].) We do not know, of course, whether petitioner would or would not have admitted the truth of the allegations if he had been advised of the consequences of his admission. We deem it significant, however, that petitioner provides us with no basis for a belief that had he been properly admonished he would have entered a different response to the allegations of the petition. Nor does he claim even now that he was not aware that his admission of the truth of the allegations of the third supplemental petition would most likely result in his detention in a Youth Authority facility."

Respondent then asserts that the determinative question in the case at bar to be "Is it reasonably probable that appellant would not have entered his plea of nolo contendere to counts I and II had the court advised him, prior to the entry of his plea that he might be deported?" and then "submits that there is nothing in the appellate court record which indicates that appellant would not have entered his plea of nolo contendere—had the trial court advised him prior to his plea, that he might be deported . . ." and urges us to consider inter alia, that "appellant had been deported several times in the past and had reentered the country unlawfully and has failed to demonstrate from the appellate court record where it indicates that had he been properly admonished, he would have not entered the plea of nolo contendere."

Respondent asserts that " . . . appellant made no effort to withdraw his plea of nolo contendere in the trial court after the trial court indicated at the probation sentencing hearing that appellant would be deported as soon as he was released from custody."

Appellant responds that as he was not advised of his right under Penal Code section 1016.5 to move to withdraw his plea that his " . . . failure affirmatively to request a change of plea should not be deemed a waiver of his right to do so." He cites as authority for that statement the cases of *People v. Johnson* (1974) 10 Cal.3d 868, 872 [112 Cal.Rptr. 556, 519 P.2d 604] and *People v. Preciado* (1978) 78 Cal.App.3d 144, 149 [144 Cal.Rptr. 102].

In *People* v. *Johnson, supra*, the court withdrew its prior approval of a plea bargain and sentenced the defendant therein to state prison after discovering, that in negotiating a plea bargain under which defendant pleaded guilty in return for a misdemeanor sentence under a credit card forgery charge he had concealed his true name and past criminal record. At no time between the filing of the information and the date of sentencing did the court in *Johnson* inform the defendant of his right under Penal Code section 1192.5, relating to plea bargains, to withdraw the guilty plea after the bargain was disapproved.

On defendant's appeal from the judgment, the *Johnson* Supreme Court reversed with directions that the defendant therein be advised of his right under Penal Code section 1192.5, and be permitted to withdraw his guilty plea and enter a new plea. That court then went on to state that: "Specifically that section provides that: 'If the court approves of the [bargained for] plea, *it shall inform the defendant prior to making of the plea* that (1) its approval is not binding, (2) *it may*, at the time set for the hearing on the application for probation or pronouncement of judgment, *withdraw its approval* in light of further consideration of the matter, and (3) *in such case*, the defendant shall be permitted to withdraw his plea if he desires to do so. . . .' (Italics added.) The statute requires that the foregoing advice 'shall' be given to all defendants, a mandatory provision which was not complied with by the trial court in this case. The record reveals that at no time and certainly not 'prior to the making of the plea' did the court inform Johnson of his right to withdraw his guilty plea in the event the court disapproved the bargain.

"Section 1192.5, in addition to requiring that a defendant be informed of his right to withdraw his plea, further makes it mandatory that 'If such plea is not accepted by the prosecuting attorney and approved by the court, *the plea shall be deemed withdrawn* and the defendant may then enter such plea or pleas as would otherwise have been available.' (Italics added.) Although this provision by its terms appears to apply to the initial rejection of a defendant's offer for a plea bargain, rather than to the court's withdrawal of its prior approval of such a bargain, nevertheless this language confirms our view that the Legislature intended that in either situation defendant be given the opportunity to change his plea. Yet, as noted above, at no time was Johnson advised of his right to change his plea or offered an opportunity to do so.

"Thus, we believe that Johnson's failure affirmatively to request a change of plea should not be deemed a waiver of his right to do so. Since he was never advised of his rights under section 1192.5, he should not be held to have waived them."

By a parity of reasoning, the same rule must be held to apply to the case at bar, where there is a sufficient showing on the record from the words of the court itself, that the defendant was in this country unlawfully, was not only subject to deportation, but would be deported when he was released from custody, and the court below did not give the mandatory advisement required by Penal Code section 1016.5, subdivision (a).

In enacting section 1016.5, the Legislature expressed its intent in subdivision (d)[1] thereof, that this warning be given in each case involving an individual who is not a citizen of the United States charged with an offense punishable as a crime under state law.

The judgment is reversed and the cause is remanded to the trial court with directions to allow the defendant, if he so elects, to withdraw his plea within 30 days of the finality of our decision herein, to vacate the guilty plea, to reinstate all charges contained in the information. Should defendant not so move within the 30-day period, or should defendant duly waive his right to so move, the trial court is further directed to reinstate the judgment.

Woods, Acting P. J., and Early, J.,* concurred.

---

[1]Penal Code section 1016.5, subdivision (d) provides: "The Legislature finds and declares that in many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Therefore, it is the intent of the Legislature in enacting this section to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea."

*Assigned by the Chairperson of the Judicial Council.