[Crim. No. 44572. Second Dist., Div. Six. Nov. 28, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JAIME HERNANDEZ AGUILERA, Defendant and Appellant.

COUNSEL

John B. Dugan, under appointment by the Court of Appeal, and Dugan & Moore for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John R. Gorey and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GILBERT, J.—Defendant, Jaime Hernandez Aguilera, was convicted of assault with a deadly weapon (Pen. Code, § 245, subd. (a)) as a result of a plea of nolo contendere and an admission to an allegation of intent to inflict great bodily injury pursuant to Penal Code section 12022.7.

Aguilera appeals his conviction because prior to the court's acceptance of the plea it failed to comply with Penal Code section 1016.5 by advising him that his plea could result in deportation, exclusion from admission to the United States, or denial of naturalization.

Since this issue was never raised in the trial court we remand so that Aguilera may make a motion to vacate his plea.

## FACTS

Aguilera entered his plea of nolo contendere on February 7, 1983. Prior to the plea Aguilera had the benefit of a comprehensive advisement of his constitutional rights which he waived. On April 4, 1983, Aguilera moved to set aside his plea on the grounds of ignorance or mistake, and the availability of a meritorious defense. The motion was denied, but the failure to advise pursuant to section 1016.5 was not raised at this hearing to set the plea aside.

## DISCUSSION

The Legislature felt strongly about section 1016.5,[1] because it stated in subdivision (d) that "[t]he Legislature finds and declares that in many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Therefore, it is the intent of the Legislature in enacting this section to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea. . . . It is further the intent of the Legislature that at the time of the plea no defendant shall be required to disclose his or her legal status to the court."

The Legislature's intent is clearly stated, but other subdivisions present a dilemma. Section 1016.5, subdivision (a) provides: "Prior to acceptance of a plea of guilty or nolo contendere . . ., the court shall administer the following advisement on the record to the defendant: If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from

---

[1]All statutory references are to the Penal Code unless otherwise stated.

admission to the United States, or denial of naturalization pursuant to the laws of the United States."

Subdivision (b) provides that with respect to pleas taken after January 1, 1978, when the court fails ". . . to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization . . ., the court, on defendant's motion, . . . shall vacate the judgment and permit the defendant to withdraw the plea . . . ."

Here, the court failed to advise Aguilera as required by section 1016.5, but Aguilera failed to make the motion or the showing required by subdivision (b). In *People* v. *Guzman* (1981) 116 Cal.App.3d 186 [172 Cal.Rptr. 34], defendant, an alien, pleaded nolo contendere to criminal charges, but the trial court failed to advise Guzman as required by Penal Code section 1016.5 prior to accepting the plea. Guzman's failure to request a withdrawal of his plea did not result in a waiver of his right to do so. The appellate court reversed Guzman's conviction and remanded the cause to the trial court so that Guzman could withdraw his plea at which time the trial court was ordered to vacate his guilty plea and reinstate all charges. The *Guzman* court by implication gave preeminence to the mandatory language in subdivision (a) because the court's order did not require Guzman to comply with the provision of subdivision (b).

Aguilera argues that since the mandatory language of subdivision (a) prevails over subdivision (b), he need not show that conviction of the offense to which he pleaded may have the consequences to him of deportation. He further argues that if subdivision (b) were to control subdivision (a), then the mandatory language of subdivision (a) would be meaningless, and the court might be relieved of any duty to advise in cases where an alien pleads guilty or nolo contendere. Aguilera claims such an interpretation would violate recognized rules of statutory construction that criminal statutes should be construed in favor of defendants. (See *People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186]; *People* v. *Gutierrez* (1982) 132 Cal.App.3d 281, 284-285 [183 Cal.Rptr. 31].)

We are not persuaded by this argument. While we agree with the holding of *Guzman* insofar as it relates to waiver, we disagree with its implied holding that subdivision (b) is a nullity.

Section 1016.5, subdivision (b) requires a defendant to show his conviction may result in deportation. Subdivision (d) which states ". . . that at the time of the plea no defendant shall be required to disclose his or her

legal status to the court," is not inconsistent with subdivision (b) because subdivision (d) applies only at the time of the plea, not when a motion is made to vacate the plea. A defendant, therefore, wishing to vacate a plea per subdivision (b) may of necessity have to reveal his or her alien status. This must be so, because if no showing were required, then citizens of the United States could also move to withdraw their pleas for failure to advise pursuant to 1016.5. Subdivision (d) states that the statute applies only to individuals who are not citizens of the United States.

We agree with the People that while *Guzman* decided the waiver issue, it did not address the issue of whether the lack of advisement was harmless error. (*People* v. *Guzman, supra,* 116 Cal.App.3d 186, 190.) In *In re Ronald E.* (1977) 19 Cal.3d 315, 325 [137 Cal.Rptr. 781, 562 P.2d 684], our Supreme Court held that in determining the issue of prejudice, the court must decide whether it is reasonably probable that petitioner would not have admitted the truth of the allegations in the petition had he been properly advised that he might be committed to the Youth Authority. Here, the issue of prejudice is written into the statute. Section 1016.5, subdivision (d) states that the statute applies to individuals who are not citizens of the United States, and who enter pleas of guilty or nolo contendere to offenses without "knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States or denial of naturalization. . . ."

If Aguilera possessed such knowledge at the time of his plea, it is reasonably probable he would have entered his plea even if properly advised per section 1016.5. Therefore, he would not be entitled to vacate his plea under subdivision (b). The People argue that the record demonstrates that Aguilera knew he was subject to deportation because of his plea. The record shows that from Aguilera's point of view, he had two options. He could be convicted, or he could flee to Mexico, never to return. He admitted entering the country illegally in the past and there is nothing to suggest that he had applied for United States citizenship or had any intention of doing so. The People suggest that since Aguilera was no stranger to the criminal justice system, he obviously knew he would be deported after completion of his prison sentence. While these inferences are reasonable, and Aguilera may have an uphill battle overcoming them, he is entitled to present evidence, if he can, of his lack of knowledge concerning his rights as an alien when he entered his plea.

Therefore, the judgment is reversed and the cause remanded so that Aguilera may make a motion to vacate his plea. He must first show his lack of knowledge that the consequences of his plea may result in deportation. If he succeeds, then the court must permit him to make his showing pursuant

to section 1016.5, subdivision (b).[2] If the court determines that Aguilera has made the showing required by subdivision (b) then the court must allow him to withdraw his plea. On the other hand, if the court finds that Aguilera would have pled to the charges irrespective of the advisement contained in section 1016.5 because of his knowledge that the consequences of his plea might result in his deportation, or if the court finds that Aguilera has not made the showing required by subdivision (b), then the court is ordered to reinstate the judgment.[3]

As a final caveat, we advise the court to comply with section 1016.5 in all cases. While the statute obviously has no application to individuals who are citizens of the United States, a trial judge should not be required to second guess the legal status of a defendant. This would be a misuse of judicial intuition that would be unfair both to defendants and to judges.

The judgment is reversed and remanded for proceedings consistent with the views expressed herein.

Stone, P. J., and Abbe, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 20, 1985.

---

[2]Since the Legislature did not want to compel defendants to disclose their legal status to the court at the time of entering their pleas, courts should consider conducting subdivision (b) hearings so that defendants receive the same kind of protection the Legislature wished them to have at the time they enter their pleas. An *in camera* hearing, for example, and the sealing of the transcript would accomplish this goal.

[3]Since Aguilera did not raise the section 1016.5 issue in the trial court, it could be argued his appeal should be dismissed. Rather than write an advisory opinion we prefer to follow the procedure used in *Guzman* and remand for further proceedings.