[No. B006627. Second Dist., Div. Two. Mar. 13, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
LUIS VALENCIANO, Defendant and Appellant.

**COUNSEL**

Raymond Campos for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Marc E. Turchin and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BEACH, J.**—Luis Valenciano appeals from an order denying a motion made after final judgment. ■ He contends: "The superior court .erred in finding that the required warnings of possible consequences of appellant's guilty plea were sufficient under section 1016.5 of the Penal Code."

On May 10, 1983, appellant entered a plea of guilty to possession of cocaine for sale (Health & Saf. Code, § 11351). Through an interpreter, appellant was advised of and personally waived his rights to jury trial, confrontation and cross-examination, and of his privilege against self-incrimination. Additionally, appellant was admonished: "Ms. WURTHMAN [Deputy District Attorney]: If you are an alien, this plea could cause you to be excluded from the United States—residency—denied naturalization, or denied the right to re-enter the United States. [¶] Do you understand that? THE DEFENDANT: Yes." Appellant was subsequently sentenced to state prison for a term of two years and that term of imprisonment has been completed.

On June 4, 1984, apparently in the face of deportation proceedings, appellant petitioned the trial court which accepted the original plea for a writ

of error *coram nobis,* asserting lack of compliance with Penal Code section 1016.5 because the word "deportation" was not utilized in the admonition and he was unaware of these consequences.[1] The court denied the petition as follows: "The court being advised in the matter, having before it a copy of the transcript of the plea taken from this defendant on May 10, 1983, and in particular, starting at line 22 where the district attorney advised the defendant of the immigration consequences, the court finds that the law was complied with. [¶] The defendant was properly advised, and stated that he understood those rights; and he was present in court with the district attorney; and also there was an interpreter. [¶] The petition for writ of error *coram nobis* is denied."

Appellant's contention is without merit. Appellant was advised that his "plea could cause [him] to be excluded from the United States," and this admonition clearly constituted "an appropriate warning of the special consequences . . . which may result from the plea." (Pen. Code, § 1016.5, subd. (d); see also, *People* v. *Martin* (1980) 111 Cal.App.3d 973, 982 [169 Cal.Rptr. 52]; *People* v. *Lizarraga* (1974) 43 Cal.App.3d 815, 818-819 [118 Cal.Rptr. 208].)

The order under review is affirmed.

Roth, P. J., and Gates, J., concurred.

---

[1]Penal Code section 1016.5, subdivision (a) provides: "Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."