Opinion
 

 MARTIN, Acting P. J.
 

 Appellant Ramon Vega Limones was charged with (I) possession or purchase of cocaine for sale, in violation of Health and Safety Code section 11351, (II) driving an unregistered motor vehicle in violation of former Vehicle Code section 4000, subdivision (a), and (III) failure to provide proof of financial responsibility for the vehicle in violation of former Vehicle Code section 16028, subdivision (a).
 

 Appellant pleaded not guilty and filed a motion to suppress evidence pursuant to Penal Code section 1538.5 which was denied on June 21, 1990.
 

 Appellant waived a jury trial and submitted the question of his guilt as charged on count I for a court trial on stipulated facts. The court found appellant guilty of possession of a controlled substance, that is, cocaine, in violation of Health and Safety Code section 11350, subdivision (a), a lesser included offense of that charged in count I. On the prosecution’s motion, counts II and III were dismissed.
 

 Appellant was sentenced to state prison for the middle term of two years on August 15, 1990. He filed a timely notice of appeal.
 

 Facts
 
 [1]
 

 On March 31, 1990, Officer William Campbell, a police officer with 10 months of experience, observed a Ford van with a company logo in the vicinity of 278 Industrial Street in McFarland, California. He watched appellant walk to the house located at that address, a “known drug dealer’s house.” Officer Campbell continued his patrol. Approximately 10 to 20 minutes later he observed the same van, this time parked on San Pedro Street, approximately four houses away from a different “known drug dealer’s house.” The officer watched as appellant walked to this house and then later to another drug dealer’s house, also located on San Pedro Street.
 

 Officer Campbell recalled having previously seen this particular van in the vicinity of 278 Industrial Street in McFarland, a house where the police had
 
 *170
 
 recently executed a search warrant for cocaine. At the time, Officer Campbell mentally noted that the van’s registration tags were dated 1987. He did not investigate any further at that time because he received another call and when he returned to the particular location, the van was no longer there.
 

 On March 31, 1990, upon observing the van, Campbell radioed to the McFarland Police Department for information on the van and its driver because he was “investigating known narcotic activity.” He was told that the van was registered to the Wasco Auto Body and Glass Shop and that the registration had expired in 1987. He “just kept [that information] to himself until the vehicle was moving . . . because [he] wanted to make sure [he] had the subject inside of the vehicle at the time [he] wanted to talk to him.” He also noted that the van license plates now had current registration tags on them.
 

 Officer Campbell followed the van from San Pedro Street to the Ranchitos market. Appellant parked the van and went inside the market. Campbell parked alongside the van. When Limones came out of the store, Campbell asked appellant for his driver’s license which he provided, and his registration, which he did not. In response to the officer’s inquiry, appellant admitted using the 1990 registration tags from his station wagon because he could not afford the registration fees for the van. Campbell cited appellant for the Vehicle Code violations and informed him the van would be impounded because of the expired registration. Appellant was released.
 

 Officer Campbell then commenced an inventory search of the vehicle and noticed a 12-ounce soda can next to the gas pedal which had been cut in half and altered so that it appeared to be shorter than a regular soft drink container. Campbell could see a piece of brown paper sticking out of the can. Because he was aware that similar devices are used for concealing drugs, he opened the can and found a brown paper bag around a clear plastic bag which contained a white, powdery substance consistent with the appearance of cocaine. Officer Campbell then detained appellant who was just leaving the area in a friend’s vehicle. Appellant, once arrested, told Officer Campbell that the cocaine was for his own personal use to control his back pain. It was later determined that the bag contained 13.28 grams of cocaine.
 

 
 *171
 
 Discussion
 

 I. Motion to Suppress.
 
 *
 

 II. Immigration Consequences of Conviction.
 

 Next, appellant contends his conviction must be reversed because he was not advised of the immigration consequences of his conviction before submitting his case on stipulated facts, nor was he advised of the likelihood that the proceeding would result in a finding of guilt prior to the submission of his case to what has become known as a “slow plea.”
 

 The Supreme Court has mandated that the record demonstrate that the defendant has expressly waived, inter alia, his privilege against self-incrimination, that he understands the nature of the charges, and that he has been advised of the direct consequences of conviction.
 
 (Bunnell
 
 v.
 
 Superior Court
 
 (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086].) In addition, a defendant must be advised that if he is not a United States citizen, a possible consequence of conviction is deportation.
 
 (People
 
 v.
 
 Guzman
 
 (1981) 116 Cal.App.3d 186, 192 [172 Cal.Rptr. 34].) Furthermore, a defendant must be advised of the probability that the submission of the preliminary hearing transcript without a reservation of the right to present additional evidence or contest his guilt in argument would probably result in a conviction.
 
 (People
 
 v.
 
 Smith
 
 (1977) 70 Cal.App.3d 306, 314 [138 Cal.Rptr. 783].)
 

 A.
 
 Failure to advise of the probability that the submission would result in conviction.
 

 The appellant correctly asserts that he should have been advised of the probability that his “slow plea” would result in a conviction. However, the case law is consistent in the conclusion that the conviction will not be reversed absent a showing of a miscarriage of justice.
 
 (People
 
 v.
 
 Karis
 
 (1988) 46 Cal.3d 612, 650 [250 Cal.Rptr. 659, 758 P.2d 1189];
 
 People
 
 v.
 
 Wright
 
 (1987) 43 Cal.3d 487, 494, 495 [233 Cal.Rptr. 69, 729 P.2d 260];
 
 People
 
 v.
 
 Watson
 
 (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)
 

 Appellant makes no claim that he was unaware that he likely would be convicted if the cause were submitted on the stipulated facts from the
 
 *172
 
 preliminary hearing evidence. On this record, once the motion to suppress evidence had been denied, any reasonable person would realize that the likely outcome of the proceeding would be a conviction for at least simple possession of cocaine. It was the uncontradicted testimony of Officer Campbell that 13.28 grams of cocaine was found in appellant’s van and appellant voluntarily admitted personally using it to relieve his back pain. No defense was presented and, thus, appellant’s possession of cocaine was undisputed.
 

 Indeed, the record reveals that defense counsel and the prosecutor had an “understanding” and both attorneys requested the court to consider the lesser included offense of possession of cocaine when it took the matter under submission after the prosecutor asked the court to dismiss the two Vehicle Code violation charges. The court complied with these requests. Thus, it does not appear that it was reasonably probable that appellant would not have agreed to the submission of his case on the stipulated facts had he been more specifically advised of the probability that the proceeding would result in conviction.
 
 (People
 
 v.
 
 Smith, supra,
 
 70 Cal.App.3d at pp. 314-315.)
 

 B. Failure to advise of immigration consequences.
 

 Although a defendant must be advised of the direct consequences of conviction
 
 (Bunnell
 
 v.
 
 Superior Court, supra,
 
 13 Cal.3d at p. 605), he need not, however, be advised of collateral consequences.
 
 (People
 
 v.
 
 Superior Court
 
 (Giron) (1974) 11 Cal.3d 793, 797 [114 Cal.Rptr. 596, 523 P.2d 636];
 
 People
 
 v.
 
 Flores
 
 (1974) 38 Cal.App.3d 484, 487 [113 Cal.Rptr. 272].) Immigration consequences are considered collateral consequences of the conviction.
 
 (Ibid.)
 
 Appellant concedes that advisement of the possibility of deportation or exclusion from the United States is not required by
 
 In re Tahl
 
 (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449],
 
 or Boykin
 
 v.
 
 Alabama
 
 (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]. Instead, appellant relies on Penal Code section 1016.5 which provides in pertinent part as follows:
 

 “(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:
 

 “If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of
 
 *173
 
 naturalization pursuant to the laws of the United States.”
 
 [2]
 
 The exact language of the advisement is not crucial.
 
 (People
 
 v.
 
 Soriano
 
 (1987) 194 Cal.App.3d 1470, 1475 [240 Cal.Rptr. 328, 65 A.L.R.4th 705];
 
 People
 
 v.
 
 Barocio
 
 (1989) 216 Cal.App.3d 99, 105 [264 Cal.Rptr. 573].)
 

 Respondent raises the point that Penal Code section 1016.5 expressly refers to those situations in which a defendant enters either a plea of guilty or a plea of nolo contendere. The section does not include language or refer to those situations in which the cause, as here, is submitted to the trial court under circumstances
 
 tantamount
 
 to a guilty plea. Our Supreme Court made the point in
 
 Bunnell
 
 v.
 
 Superior Court, supra,
 
 13 Cal.3d 592, at page 604, that a defendant who submits his cause on the transcript has not given up his right to a trial, and, “unless otherwise specified, to present additional evidence in his own defense.” (See also
 
 People
 
 v.
 
 Robertson
 
 (1989) 48 Cal.3d 18, 39-40 [255 Cal.Rptr. 631, 767 P.2d 1109], and
 
 People
 
 v.
 
 Marella
 
 (1990) 225 Cal.App.3d 381, 386 [275 Cal.Rptr. 232].) Thus, it is still atrial, irrespective of any “foregone conclusion” or understanding that he will be found guilty. Even though the procedure is referred to as “tantamount to a plea of guilty”
 
 (In re Mosley
 
 (1970) 1 Cal.3d 913, 926 [83 Cal.Rptr. 809, 464 P.2d 473]), it is not one of the six types of pleas the Legislature has recognized in criminal cases. (Pen. Code, § 1016.) This is particularly true in the instant case where appellant was charged with possession of cocaine for sale, but upon submission both defense counsel and the district attorney stated to the court that the court could consider, upon the agreed statement of facts, that appellant was guilty only of the lesser included offense of simple possession. Moreover, defense counsel then argued to the court that this was the case. We also note the trial court then, in fact, found appellant guilty only of simple possession.
 

 Thus, we conclude that Penal Code section 1016.5 does not apply to a “slow plea” as occurred in the instant case. In view of this conclusion, we need not address respondent’s harmless error argument.
 

 III. Conduct Credits.
 
 *
 

 Disposition
 

 The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting that appellant earned 54 days of
 
 *174
 
 conduct credits and send to the Department of Corrections a certified copy of the amended abstract of judgment.
 

 Thaxter, J., and Franson, J.,
 
 *
 
 concurred.
 

 A petition for a rehearing was denied September 6, 1991, and appellant’s petition for review by the Supreme Court was denied November 14, 1991. Mosk, J., was of the opinion that the petition should be granted.
 

 [1]
 

 The facts are drawn from the preliminary hearing transcript since these were the stipulated facts presented to the trial court.
 

 *
 

 See footnote, ante, page 338.
 

 [2]
 

 His failure to affirmatively request a change of plea below is not deemed a waiver of his right to do so.
 
 (People
 
 v.
 
 Guzman
 
 (1981) 116 Cal.App.3d 186, 190-192 [172 Cal.Rptr. 34].)
 

 *
 

 See footnote,
 
 ante,
 
 page 338.
 

 *
 

 Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.