[Nos. C023943, C024449. Third Dist. Oct. 31, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
FERNANDO DELGADO GONTIZ, Defendant and Appellant.

1310

**COUNSEL**

Charles V. Stebley for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi, Carlos A. Martinez and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MORRISON, J.**—In two separate cases defendant moved to vacate his guilty pleas on the ground that when he entered them he had not been advised of all the possible immigration consequences, as required by Penal Code section 1016.5 (section 1016.5). In both cases the trial courts denied his motions. We shall reverse.

Normally a motion to vacate a plea based on misadvisement or omission of a collateral consequence requires the defendant to demonstrate that he would not have entered into the plea had he known of the consequence. (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1022-1023 [1 Cal.Rptr.2d 902, 819 P.2d 861].) However, the Legislature has enacted an unusual statutory remedy which provides for mandatory vacation of judgment where the trial court has failed to give advisement about immigration consequences, limited only by the requirement that the movant be in danger of suffering those consequences. Because this statute is radically out of step with modern notions of criminal procedure, some courts have effectively rewritten it by judicial construction. We will not do that. The statute is clear and supports defendant's position. It is not for the judiciary to fix perceived mistakes or close perceived loopholes in statutes. We take the statute as written.[1]

---

[1] However, we understand the sentiments that motivated other courts' efforts to "fix" this statute. Accordingly, the clerk of this court is directed to send a certified copy of this opinion to the Legislative Counsel, as provided by law. (Gov. Code, §§ 10237-10241.)

## FACTUAL AND PROCEDURAL BACKGROUND

In two separate cases defendant pled guilty (or no contest) to felonies as part of a plea bargain. In each case the trial judge told defendant he could be deported or denied citizenship based on his pleas, but failed to tell defendant he could be "excluded" from the United States.

In No. C023943, on March 27, 1991, defendant pleaded no contest in Glenn County to possession of cocaine (Health & Saf. Code, § 11350) and possession of a short-barreled shotgun (Pen. Code, § 12020, subd. (a)) in exchange for dismissal of other charges. Defendant was given probation, violated the terms of probation on two different occasions, and on April 23, 1993, was sentenced to three years, eight months in state prison.

In No. C024449, on May 4, 1993, defendant pleaded guilty in Tehama County to possession of cocaine for sale (Health & Saf. Code, § 11351) in exchange for dismissal of another charge. The court sentenced defendant to one year consecutive to the Glenn County sentence (one-third the midterm, pursuant to Penal Code section 1170).

It appears defendant was released from prison in June 1995, whereupon the federal Immigration and Naturalization Service (INS) brought permanent deportation charges against him.

On March 4 and 11, 1996, defendant filed motions to vacate his plea in each case. In his declarations attached to the motions defendant says that he thought "deportation" meant only a temporary expulsion to Mexico followed by an immediate return.

In No. C023943 the trial court found defendant was adequately advised of the possible immigration consequences of his plea and found the motion was untimely. In No. C024449 the trial court denied his motion on the grounds that defendant failed to show he was prejudiced by the inadequate advisement.

Defendant filed timely notices of appeal in both cases.

## DISCUSSION

### I. Coram Nobis

■ A motion to vacate the judgment is recognized as equivalent to a petition for a writ of error *coram nobis. (People* v. *Castaneda* (1995) 37

Cal.App.4th 1612, 1618 [44 Cal.Rptr.2d 666].) Generally, three require-ments must be met before a *coram nobis* writ is issued: "(1) [T]he petitioner has shown that some fact existed which, without fault of his own, was not presented to the court at trial on the merits, and which if presented would have prevented the rendition of judgment; (2) the petitioner has shown that the newly discovered evidence does not go to the merits of the issues tried; and (3) the petitioner has shown that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ." (*Id.* at pp. 1618-1619.)[2]

Under the first prong, a defendant's petition for *coram nobis* based on an insufficient warning of the possible immigration consequences of the plea would fail, but for the effect of section 1016.5. Prior to the passage of section 1016.5, courts were not required to inform alien defendants of possible immigration consequences of their guilty pleas. (*People* v. *Flores* (1974) 38 Cal.App.3d 484, 487-488 [113 Cal.Rptr. 272].) In contrast to the constitutionally mandated admonition of constitutional rights, advisement as to the collateral consequences of a plea is a judicially declared rule of criminal procedure (*People* v. *Walker, supra,* 54 Cal.3d at p. 1022). In the past, this frequently led alien defendants to plead guilty when they were unaware of or mistaken about the immigration consequences of a conviction. In such cases, a petition for *coram nobis* failed because the courts were not obligated to warn about possible immigration consequences. The new fact of deportation or exclusion would not have prevented the rendition of

---

[2]In the Glenn County case (No. C023943), the trial court found the motion to vacate was untimely. We disagree. The motion was not "timely" until defendant was faced with the prospect that one of the adverse immigration consequences would occur. Defendant declared he was first made aware of immigration charges against him, based on his conviction for possession of a short-barreled shotgun (Pen. Code, § 12020, subd. (a)), after his release from state prison in June 1995; he then learned a few weeks before the motion hearing that his conviction for cocaine possession (Health & Saf. Code, § 11350) would also be used against him by the INS. It was nine months from the date defendant first learned of the immigration charges based on the gun possession conviction to the filing of the motion. It was only a matter of weeks between the time defendant discovered the INS's pending plan to use the conviction of cocaine possession against him and the filing date. Although the trial court was not required to credit defendant's declaration (see *People* v. *Western Meat Co.* (1910) 13 Cal.App. 539, 544 [110 P. 338]), there is no evidence in the record suggesting any other date upon which defendant's ability to bring his motion was triggered. Disbelief of defendant's declaration of timeliness does not establish untimeliness. (*Estate of Kilborn* (1912) 162 Cal. 4, 13 [120 P. 762].) Given the circumstances of this case, the order denying the motion to vacate cannot be upheld on the ground that it was untimely.

We recognize that this conclusion adds to the difficulty of the statute. Without engaging in a prolonged analysis of INS regulations, conceivably a defendant, particularly one who had served a long prison term, could be charged by the INS many years after conviction. Under our holding, he could move to vacate the plea. This is another reason why the statute should be reexamined and possibly rewritten to codify the rule requiring a showing of prejudice.

judgment. (*People* v. *Trantow* (1986) 178 Cal.App.3d 842, 845 [224 Cal.Rptr. 70].) Alien defendants who pleaded guilty without adequate advisement were left without a remedy.

To solve this problem, the Legislature enacted section 1016.5, which "provide[s] significant safeguards to aliens who, as the California Legislature noted, frequently are unaware of deportation consequences of their plea." (Comment, *The Right of the Alien to be Informed of Deportation Consequences Before Entering a Plea of Guilty or Nolo Contendere* (1983) 21 San Diego L.Rev. 195, 216, fn. omitted.)

## II. *The Statute*

### A. *The Legislative History*

Section 1016.5 was originally introduced as an amendment relating to marijuana offenses. The original version of the bill would have required a court, prior to accepting a guilty plea for simple possession of marijuana, to warn the defendant that such a conviction may result in deportation if he is a lawful resident alien. (Sen. Bill No. 276 (1977-1978 Reg. Sess.) as introduced Feb. 9, 1977.) Failure of the court to set forth on the record that it so advised the defendant "shall constitute good cause for withdrawal of a plea of guilty pursuant to Section 1018 of the Penal Code"[3] by an alien defendant. (Sen. Bill No. 276 (1977-1978 Reg. Sess.), as introduced Feb. 9, 1977.) The bill stated that the Legislature's intent was to promote fairness to lawful resident aliens charged with possession of marijuana, who are unaware that a conviction of such offense is grounds for deportation from the United States, by requiring that an appropriate warning of this possible consequence precede the acceptance of the defendant's guilty plea. (*Ibid.*)

Through the amendment process, the bill eventually became section 1016.5 relating to pleas. (Conference Com. Amend. to Sen. Bill No. 276 (1977-1978 Reg. Sess.) Sept. 12, 1977.) The language was broadened to include the acceptance of a guilty or no contest plea to all charges and not just to possession of marijuana. (Sen. Amend. to Sen. Bill No. 276 (1977-1978 Reg. Sess.) Apr. 19, 1977.) It was amended to require the court, prior to accepting a guilty or no contest plea, to advise the defendant not only of deportation, but also the possibility of exclusion from admission to the United States or denial of naturalization. (*Ibid.*)

Most significantly, the remedy for noncompliance with the statute was changed from merely constituting good cause for withdrawal of plea before

---

[3]Penal Code section 1018 allows the court, upon defendant's motion, to permit the plea of guilty to be withdrawn and a plea of not guilty substituted upon a showing of good cause at any time before judgment. All further undesignated statutory references are to the Penal Code.

judgment to the more exacting and mandatory language of the current subdivision (b) of section 1016.5, which compels a vacation of judgment absent a proper advisement. (Assem. Amend. to Sen. Bill No. 276 (1977-1978 Reg. Sess.) Aug. 25, 1977.) "If . . . the court fails to advise the defendant as required by this section . . . the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the [guilty or no contest plea] and enter a plea of not guilty." (§ 1016.5, subd. (b).) Also added was the language, "Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (*Ibid.*) The Legislature's stated intent to promote fairness via this advisement was expanded to apply in all cases in which accused noncitizens enter a plea of guilty or no contest "without knowing that a conviction for the offense is grounds for" deportation, exclusion, or denial of naturalization. (Sen. Amend. to Sen. Bill No. 276 (1977-1978 Reg. Sess.) Apr. 19, 1977.)

### B. *The Current Statute*

Section 1016.5, in its present form, reads as follows: "(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

"(b) Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section. If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement.

"(c) With respect to pleas accepted prior to January 1, 1978, it is not the intent of the Legislature that a court's failure to provide the advisement required by subdivision (a) of Section 1016.5 should require the vacation of

judgment and withdrawal of the plea or constitute grounds for finding a prior conviction invalid. Nothing in this section, however, shall be deemed to inhibit a court, in the sound exercise of its discretion, from vacating a judgment and permitting a defendant to withdraw a plea.

"(d) The Legislature finds and declares that in many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Therefore, it is the intent of the Legislature in enacting this section to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea. It is also the intent of the Legislature that the court in such cases shall grant the defendant a reasonable amount of time to negotiate with the prosecuting agency in the event the defendant or the defendant's counsel was unaware of the possibility of deportation, exclusion from admission to the United States, or denial of naturalization as a result of conviction. It is further the intent of the Legislature that at the time of the plea no defendant shall be required to disclose his or her legal status to the court."

### III. Defendant Was Inadequately Advised of the Possible Immigration Consequences of His Pleas

 The trial judge in each case failed to comply with the statute; each warned defendant only of the possibility of deportation and denial of citizenship, and not exclusion. There is case law which holds that the exact wording of the advisement is not critical so long as the defendant is warned there may be some immigration consequences flowing from his guilty plea. (See *People* v. *Quesada* (1991) 230 Cal.App.3d 525, 536 [281 Cal.Rptr. 426]; *People* v. *Barocio* (1989) 216 Cal.App.3d 99, 105 [264 Cal.Rptr. 573]; *People* v. *Soriano* (1987) 194 Cal.App.3d 1470, 1475 [240 Cal.Rptr. 328, 65 A.L.R.4th 705]; *People* v. *Valenciano* (1985) 165 Cal.App.3d 604, 605-606 [211 Cal.Rptr. 651].) These cases are wrong. The statute requires the court to warn the defendant expressly of each of the three distinct possible immigration consequences of his conviction(s) prior to his plea.

To repeat, section 1016.5, subdivision (a) states in part: "[T]he court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense

for which you have been charged may have the consequences of *deportation, exclusion* from the admission to the United States, or *denial of naturalization* pursuant to the laws of the United States." (Italics added.) Each of these advisements relates to distinct consequences. Deportation is the transfer of an alien excluded or expelled from the United States to another country. (*In re Milanovic's Petition* (S.D.N.Y 1957) 162 F.Supp. 890, 892.) Deportation is to be distinguished from exclusion, which is the denial of entry to the United States. (*Ex parte Domingo Corypus* (W.D.Wash. 1925) 6 F.2d 336.) Naturalization is the "process by which a person acquires nationality after birth and becomes entitled to the privileges of U.S. citizenship" (Black's Law Dict. (6th ed. 1990) p. 1026, col. 2), and thus denial of naturalization means the refusal to grant an alien by birth United States citizenship.

 An admonishment lacking in any one of these three possible immigration consequences constitutes a failure to comply with section 1016.5. We, therefore, find each court's advisement to defendant was defective.

### IV. *The Statute Compels a Vacation of Judgment Absent a Record of Proper Advisement*

Subdivision (b) of section 1016.5 sets out the remedy for the court's failure to warn of the possible immigration consequences, and states that the court "shall" vacate the judgment upon a showing that the defendant was improperly informed. Subdivision (b) presumes the defendant did not receive the required warning absent a record that the court provided the statutory advisement. Except for having to show that his conviction may result in immigration consequences, subdivision (b) does not require the defendant to make any other showing.

Some courts have inferred a requirement of prejudice. Section 1016.5, subdivision (d) states that the Legislature's intent in enacting this statute was to promote fairness to those accused individuals who enter a guilty or no contest plea *without knowing* that a conviction of the offense may result in deportation, exclusion, or denial of citizenship and "by requiring in such cases that acceptance . . ." of a plea, "be preceded by an appropriate warning of the special consequences . . . ." These courts conclude that the defendant must show that he was unaware of the possible immigration consequences of his plea *and* would not have entered it had he been properly admonished. (*People* v. *Castaneda, supra,* 37 Cal.App.4th at pp. 1621-1622; *People* v. *Aguilera* (1984) 162 Cal.App.3d 128, 132 [208 Cal.Rptr. 418].)

Other courts have taken the Legislature at its word and interpret section 1016.5 to compel a vacation of judgment upon a showing of inadequate

advisement if the defendant is facing immigration consequences. In *People v. Borja* (1981) 125 Cal.App.3d 758, 760 [178 Cal.Rptr. 287], the court noted that "[o]n pleas taken after January 1, 1978, it is mandatory to set aside the plea of guilty when it is shown that the admonition was not given to a person facing the possible consequences of deportation or exclusion." In *People v. Guzman* (1981) 116 Cal.App.3d 186 [172 Cal.Rptr. 34], the court held that the defendant was entitled to withdraw his plea where the trial court failed to inform the defendant as required by section 1016.5 without having to show he was prejudiced by the defective advisement.[4]

The court in *People v. Aguilera, supra,* 162 Cal.App.3d 128, however, disagreed with *People v. Guzman, supra,* 116 Cal.App.3d 186, and held that section 1016.5 requires a showing of prejudice. It concluded that because the statute is intended to protect those who are unaware of the possible immigration consequences of their convictions, defendants who would plead guilty with the knowledge of such consequences would not be entitled to withdraw their plea. (*People v. Aguilera* at p. 132.) In *People v. Castaneda, supra,* 37 Cal.App.4th 1612, the court relied on *People v. Aguilera,* and held that ". . . the omission of the advisement under Penal Code section 1016.5 will provide a ground to vacate the judgment only upon a showing that the defendant was not aware of the possible immigration consequences of his plea and would not have entered his guilty or nolo contendere plea had he been properly admonished." (37 Cal.App.4th at pp. 1621-1622.)[5]

We disagree with the *Castaneda* and *Aguilera* line of reasoning for two reasons. First, assuming that section 1016.5 is ambiguous on the issue of prejudice, the ambiguity must be resolved in favor of the defendant. (*In re Tartar* (1959) 52 Cal.2d 250, 256-257 [339 P.2d 553]; *People v. Catelli* (1991) 227 Cal.App.3d 1434, 1448 [278 Cal.Rptr. 452].)

Second, prior to the enactment of section 1016.5, if the court failed to advise the defendant of the consequences of a plea or admission, a showing of prejudice was required before a plea or admission may be set aside. (*People v. Walker, supra,* 54 Cal.3d at p. 1022.) The Legislature has carved out an exception regarding immigration consequences with section 1016.5. Subdivision (b) states clearly and concisely that if the court fails to advise the defendant of the possible immigration consequences, the court shall

---

[4]*People v. Castaneda, supra,* 37 Cal.App.4th at page 1621 states that the *Guzman* court did not discuss prejudice. The *Guzman* court mentioned the prejudice issue, then implicitly concluded prejudice was not required.

[5]While the defendant may be advised of immigration consequences by his attorney or have firsthand knowledge due to prior experiences, "[a]bsent a record that the court provided the [statutory advisement], the defendant shall be presumed not to have received [it]." (§ 1016.5, subd. (b).)

vacate the judgment upon the defendant's motion. It mentions only that the defendant must show he actually may be subjected to such consequences as a result of his plea. Conspicuously missing from subdivision (b) is any requirement of prejudice. The general sentiment expressed in subdivision (d), that "[t]he Legislature finds . . . that in many instances involving an [alien defendant] . . . a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion . . . or denial of naturalization . . ." does not mean that the remedy is limited to those defendants who show lack of knowledge. When the Legislature has made it clear that an insufficient advisement compels a vacation of judgment, this court should not impute to the statute the additional requirement of prejudice.[6]

" 'We do not pause to consider whether a statute differently conceived and framed would yield results more consonant with fairness and reason. We take this statute as we find it.' " (*People* v. *Knowles* (1950) 35 Cal.2d 175, 180 [217 P.2d 1], quoting Cardozo, J., in *Anderson* v. *Wilson* (1933) 289 U.S. 20, 27 [53 S.Ct. 417, 420, 77 L.Ed. 1004, 1010].) Those who question the statute's effect should address their concerns to the Legislature.

DISPOSITION

The judgments (orders) are reversed.

Blease, Acting P. J., and Raye, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 3, 1998. Kennard, J., and Baxter, J., were of the opinion that the petition should be granted.

---

[6]We further note that the Legislature did not intend section 1016.5 to apply retroactively. (See § 1016.5, subd. (c).) It, however, allowed a court to retain discretionary power in setting aside pleas entered into prior to January 1, 1978. The implication is that a court must vacate the judgment with respect to pleas accepted after January 1, 1978.