Filed 4/11/14  P. v. Bedier CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B251884 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA292964) |
| v. | |
| HAIFA BEDIER et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed.

Goldberg & Associates and Julie A. Goldberg, for Defendants and Appellants.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendants, Mohamad Bedier and Haifa Bedier, appeal from an August 20, 2013 order denying their coram nobis petitions. In addition, they challenge the denial of their motions to vacate their guilty pleas. (Pen. Code,[1] § 1016.5. ) Defendants challenge convictions entered in 2006, which now serve as a basis for deportation. We affirm the trial court's order.

# II. PROCEDURAL HISTORY

Defendants are Lebanese citizens who were legal residents of the United States. On November 11, 2005, defendants were charged with welfare fraud (Welf. & Inst. Code, § 10980, subd. (c)(2)) and perjury (§ 118, subd. (a)). On August 14, 2006, defendants, represented by counsel, entered into a negotiated plea. Defendants each pled guilty to one count of welfare fraud. They were placed on three years' formal probation. Defendants were ordered to complete 300 hours of community service and to pay $21,000 in restitution. On March 8, 2008, the charges were reduced to misdemeanors, probation was terminated and the charges were dismissed. (§ 1203.4.)

More than three years later, on November 24, 2011, defendants were detained by the United States Department of Homeland Security as they attempted to reenter the United States. Four months later, and nearly six years after pleading guilty, on March 26, 2012, defendants filed their coram nobis petitions or motions to vacate their pleas. On May 18, 2012, the trial court denied those motions. On May 2, 2013, we affirmed the trial court's denial orders. (*People v. Bedier* (May 2, 2013, B241606) [nonpub. opn.].)

On June 7, 2013, defendants jointly filed the present coram nobis petitions or motions to vacate their guilty pleas. On August 20, 2013, the trial court denied the petitions and motions. Defendants filed a notice of appeal and obtained a probable cause

---

[1]     Further statutory references are to the Penal Code except where otherwise noted.

certificate.  We express no opinion as to whether the probable cause certificate should have been issued.  We now affirm the trial court's denial order.

## III.  DISCUSSION

### A.  Standard of Review

Our review is for an abuse of discretion.  (*People v. Kim* (2009) 45 Cal.4th 1078, 1095-1096 [coram nobis]; *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192 [section 1016.5].)  As our Supreme Court has held, "A [trial] court abuses its discretion when its ruling 'falls outside the bounds of reason.'"  (*People v. Osband* (1996) 13 Cal.4th 622, 666; accord, *People v. Fuiava* (2012) 53 Cal.4th 622, 663.)

### B.  Section 1016.5

Pursuant to section 1016.5, subdivision (a), prior to accepting a plea, a trial court must warn a defendant of the potential immigration consequences of the plea.  The statutory advisement reads, "If you are not a citizen, you are hereby advised the conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  At defendants' August 14, 2006 plea hearing, the trial court advised:  "What I am about to say won't apply to those of you getting Prop. 36 [drug treatment program] and D.E.J. [deferred entry of judgment for first time juvenile felons under Welfare and Institutions Code section 790 et seq.] as long as you complete the programs.  It applies to the rest of you.  [¶]  If you are not a citizen of the United States, a plea in this case will result in deportation, denial of naturalization, denial of re-entry into this country as well as exclusion from admission."

Defendants argue they were not properly advised as required by section 1016.5 because:  the trial court gave a blanket advisement in a multiple-defendant plea hearing;

3

the trial court's preamble to the advisement led defendants, who were to receive probation, to believe it did not apply to them; and the advisement was improperly translated into an Arabic dialect that they did not understand. The present petitions or motions were the first time the latter two contentions were raised.

Whether the trial court's advisement in a multiple-defendant plea hearing violated defendants' rights was raised and decided in defendants' prior appeal. (*People v. Bedier, supra,* typed opn. at p. 5.) The law of the case doctrine applies and precludes consideration of defendants' argument. (*People v. Alexander* (2010) 49 Cal.4th 846, 870; *People v. Boyer* (2006) 38 Cal.4th 412, 441.) This contention is frivolous.

We turn to defendants' assertion the trial court's comments preceding the advisement led them to believe the immigration consequences warning did not apply to them. Defendants did not raise this issue in their first motion to vacate their guilty pleas. Instead, they declared, "I do not recall the Judge ever explaining to me, when I made my plea, that my guilty plea would mean that I would have no opportunity to stay in the United States, that I may be removed or that my plea would foreclose any future immigration applications that I may file." (*People v. Bedier, supra,* typed opn. at p. 3, fn. 1.) Defendants offer no explanation for their failure to raise this claim diligently, at the first opportunity. (See *People v. Superior Court (Zamudio), supra,* 23 Cal.4th at pp. 203-207; *People v. Gontiz* (1997) 58 Cal.App.4th 1309, 1313, fn. 2, disapproved on another point in *People v. Superior Court* (*Zamudio*)*, supra,* 23 Cal.4th at p. 200, fn. 8.) Thus, this entire issue has been forfeited.

Even if we were to disregard defendants' delay in raising this issue, which we do not, no abuse of discretion occurred. Defendants' declarations filed in support of the present petitions or motions contradict their argument. Mr. Bedier declared: "I don't remember the judge saying anything about immigration. He said that I had to do probation and community service, but I don't recall ever hearing anything about immigration or being deported at the guilty plea hearing." Ms. Bedier similarly declared: "I remember the judge said that I had to do community service for our plea. I don't remember that the judge said anything about immigration consequences. He told me

4

there was going to be a fine and community service and then I would be done. I never heard the translator say anything about immigration when we were in court." If defendants never heard the trial court say anything about immigration consequences, they could not have believed what it said on that point was inapplicable to them.

Finally, defendants assert the trial court's section 1016.5 advisement was improperly translated into an Arabic dialect that they did not understand. However, defendants never asserted in the trial court that they were unable to understand their Arabic translator. Defendants repeatedly responded to the trial court's inquiries upon entering their pleas. Defendants individually stipulated the cash seized from them would be applied to repay the State of California. Defendants each acknowledged they understood the rights they were giving up by choosing to plead. The trial judge inquired, "Has anyone made you any promises other than what is on the record to get you to enter this plea or has anybody threatened you or anyone close to you to get you to enter this plea?" Defendants each responded, "No." Defendants were asked, "How do you plead?" Each answered, "Guilty." Defendants each individually affirmed that they accepted the conditions of probation. At the end of the proceeding, the following transpired: "[Defense counsel]: Mr. Gomez: On Bedier the search and seizure is not part of the plea bargain. [¶] The Court: That is automatic on any felonies. If you want to withdraw the plea - - [¶] Mr. Gomez: No. I want my clients to understand what the court is saying. They asked me a question. I told them the court imposed it. [¶] If they want to accept it, they will accept it. [¶] The Court: If they want to withdraw the plea, it's up to them. [¶] Defendant Mohamad Bedier: No, Your Honor. [¶] Defendant [Haifa] Bedier: No." Further, defendants did not raise this issue in their first motion to vacate their guilty pleas. They offer no explanation for the failure to do to. (See *People v. Superior Court (Zamudio), supra,* 23 Cal.4th at pp. 203-207; *People v. Gontiz, supra,* 58 Cal.App.4th at p. 1313, fn. 2.) This issue is likewise forfeited. Moreover, nowhere in their present supporting declarations did either defendant assert he or she was unable to understand the Arabic translator during the plea hearing. The trial court did not abuse its discretion in denying defendants' section 1016.15.motion.

5

## B. Coram Nobis Petitions

The writ of error coram nobis is a narrow common-law remedy. (*People v. Kim, supra,* 45 Cal.4th at p. 1093; *People v. Shipman* (1965) 62 Cal.2d 226, 230.) Our Supreme Court has explained: "The writ of [error] *coram nobis* is granted only when three requirements are met. (1) Petitioner must 'show that some fact existed which, without any fault or negligence on his [or her] part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' [Citations.] (2) Petitioner must also show that the 'newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner 'must show that *the facts upon which he [or she] relies were not known to him* [*or her*] *and could not in the exercise of due diligence have been discovered by him* [*or her*] *at any time substantially earlier than the time of his* [*or her*] *motion for the writ. . . .*' [Citations.]" (*People v. Shipman, supra,* 62 Cal.2d at p. 230, second italics added; accord, *People v. Kim, supra,* 45 Cal.4th at p. 1093.) Our Supreme Court has further explained: "Because the writ of error *coram nobis* applies where a *fact* unknown to the parties and the court existed at the time of judgment that, if known, would have prevented rendition of the judgment, '[t]he remedy does not lie to enable the court to correct errors of law.' (*People v. Banks* (1959) 53 Cal.2d 370, 378; see *People v. McElwee* [(2005)] 128 Cal.App.4th [1348,] 1352 [defendant's belief he would serve only 15 years in prison 'was not a mistake of fact but one of law'].) Moreover, the allegedly new fact must have been unknown and must have been in existence at the time of the judgment. (*People v. Shipman, supra,* 62 Cal.2d at p. 230.) [¶] For a newly discovered fact to qualify as the basis for the writ of error *coram nobis,* we look to the fact itself and not its legal effect. 'It has often been held that the motion or writ is not available where a defendant voluntarily and with knowledge of the facts pleaded guilty . . . because of

6

ignorance or mistake as to the legal effect of those facts.' (*People v. Banks, supra,* 53 Cal.2d at p. 378.)" (*People v. Kim, supra,* 45 Cal.4th at p. 1093.) The error coram nobis remedy is unavailable where other and adequate remedies exist. (*People v. Kim, supra,* 45 Cal.4th at pp. 1093-1094; *People v. Blalock* (1960) 53 Cal.2d 798, 801.)

Defendants assert the trial court abused its discretion in failing to conduct an evidentiary hearing to determine whether their pleas were coerced by the deputy district attorney. Defendants acknowledge that an ineffective assistance of counsel claim does not state a case for relief under a coram nobis petition. (*People v. Kim, supra,* 45 Cal.4th at p. 1104; *In re Nunez* (1965) 62 Cal.2d 234, 236; *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477.) Defendants argue the prosecutor coerced their pleas in that: they were innocent of the charges; they were susceptible to coercion due to their inability to speak or understand English; and they were threatened that if they did not accept the offered plea the district attorney would investigate their daughter's involvement. All of these alleged facts were known to defendants at the time they entered their pleas. These facts were known to defendants when they filed their first motion to vacate their guilty pleas. Defendants have not shown grounds for a writ of error coram nobis. (See *People v. Gari* (2011) 199 Cal.App.4th 510, 520 [when and whether defendant committed charged offenses were facts of which defendant had knowledge when he pleaded guilty].) The trial court did not abuse its discretion in denying defendants' motion.

## IV. DISPOSITION

The trial court's August 20, 2013 order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


MINK, J.*

---

*     Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.